ALEXANDER LEMOINE, Respondent, v. FRANK COOK, Appellant.

**St. Louis Court of Appeals, April 29, 1889.**

1. **Practice, Appellate:** EXCEPTIONS NOT PROPERLY SAVED. An exception to a ruling of the trial court, which was not preserved in a motion for new trial, will not be considered on appeal.

2. **Damages:** BITE OF DOG : INJURY CONTINUING AFTER SUIT BROUGHT. Where it was pleaded and proved that the plaintiff, at the time of the trial, was still suffering from an open and unhealed wound inflicted by the defendant's dog, as complained of in the petition, and that he was naturally liable to continued suffering, expenditures, and loss of employment from the same cause, there was no error in an omission by the court to limit the damages recoverable to those which were sustained before the institution of the suit.

3. **Damages, Excessive.** Where it was shown that the plaintiff had endured and was still enduring great bodily and mental suffering in consequence of the injury, and from the same cause had sustained a loss of two hundred and ten dollars in wages and one hundred dollars for medical expenses, and the verdict in his favor was for only four hundred dollars, there can be no ground for a complaint that the amount of the verdict was excessive.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*C. P. & J. D. Johnson*, for the appellant.

The court erred (1) in giving plaintiff's first instruction, and (2) in refusing to give the refused instruction offered on behalf of defendant, and (3) in overruling the motion for a new trial. *Wright v. Jacobs*, 61 Mo. 22; *Bank v. Armstrong*, 62 Mo. 73; *Moffatt v. Conklin*, 35 Mo. 453; *Camp v. Heelan*, 43 Mo. 591; *Fulkerson v. Thornton*, 68 Mo. 468; *Ely v. St. Louis*, 77 Mo. 36;

*Brown v. Chicago,* 80 Mo. 460, and cas. cit. ; *Mansur v. Botts,* 80 Mo. 658, and cas. cit. ; *Melvin v. St. Louis,* 89 Mo. 107 ; *Kennedy v. Kline,* 19 Mo. App. 19 ; *Rothschild v. Frensdorf,* 21 Mo. App. 321 ; *Storms v. White,* 23 Mo. App. 34. As the evidence relative to the expense incurred and loss of time and wages sustained after the institution of the suit was irrelevant under the issues, the trial court erred in refusing to give defendant's refused instruction withdrawing it from the consideration of the jury. The refusal to give that instruction shows conclusively that plaintiff's instruction number 1 given was intended to, and did, embrace expenses and loss of time and wages which accrued after the suit was brought. If, however, instruction number 1 was not intended to include these elements of damage, it was vague and misleading, and the refused instruction should have been given in connection with it so as to limit the damages to the issues upon that point. Inasmuch as a party must recover, if at all, on his right of action as it existed at the institution of the suit ( *Tobin v. McCann,* 17 Mo. App. 483 ; *Worth v. Springfield,* 22 Mo. App. 17 ), there is some doubt of plaintiff's right to recover for damages resulting to him after the suit was brought, even if pleaded. The fact that there was evidence tending to show that damage accrued to plaintiff after the suit was brought does not alter the case, for he should have amended his petition by leave of court so as to make it conform to the evidence, before asking for the instruction covering the same. *Budd v. Hoffheimer,* 52 Mo. 297.

*Lodge & Talty,* for the respondent.

The record in this case, although it does not contain all the evidence, shows that a verdict for plaintiff, for one thousand dollars, even, would not have been excessive. Such objections as defendant's counsel made to

Lemoine v. Cook.

the introduction or excluding of evidence at the trial he failed to save or set out in his motion as ground for a new trial. The only question therefore to be decided is, did the trial court err in refusing to give the instruction offered by the defendant. The law presumes damages, and dispenses with their averment, for bodily pain and suffering and mental suffering in an action for a personal injury. *Wright v. Compton*, 53 Ind. 342 ; 2 Sedg. Meas. Dam., p. 608 ; *Curtis v. Rochester*, 18 N. Y. 534. This action is brought by the person injured, and the petition contains all the necessary averments to entitle plaintiff to recover for all damages suffered by him as a direct and natural result of his injury. The wrongful act for which he sues was committed before suit was brought, and the injury is a continuing one. "A personal injury from a single wrongful act is an entirety and affords ground for only one action. In that action recovery may be had for *all damages suffered up to the time of the trial,* and for all which are shown to be reasonably certain or probable to be suffered in the future." 3 Suth. on Dam., p. 722 ; 2 Thompson on Neg. 1263 ; 1 Sedg. Meas. Dam. 204 ; *McLaughlin v. City of Corry,* 77 Penn. St. R. 109 ; *Matteson v. Railroad,* 62 Barb. 381 ; *Elkhardt v. Ritter,* 66 Ind. 136 ; *Barbour Co. v. Horn,* 48 Alb. 577 ; *Ross v. Steamboat,* 14 Iowa, 363 ; *Fulsome v. Town of Concord,* 46 Vt. 141 ; *Daily v. Canal Co.,* 2 Ired. L. ( N. C.) 222 ; *Curtis v. Railroad,* 18 N. Y. 541 ; *Pucket v. Smith,* Sedgwick Leading Cases, p. 709 ; *McLaughlin v. City of Corry,* 77 Penn. St. R. 109. The allegations in plaintiff's, respondent's, petition are, that "plaintiff will be permanently injured and disfigured," and that "said wounds are still open and unhealed and causing plaintiff great pain and anguish of body and mind."

ROMBAUER, P. J., delivered the opinion of the court.

The defendant was, at the date of the grievance hereinafter mentioned, the owner and keeper of a vicious and ferocious dog, who bit the plaintiff, on the public highway, April 19, 1888. The plaintiff thereupon instituted suit for the recovery of damages caused to him May 14, 1888, and recovered judgment for four hundred dollars, October 13, 1888.

The only error properly saved by motion for new trial and now assigned by the appealing defendant is, that under the pleadings in the case, the court misdirected the jury on the question of damages, and that the verdict is excessive.

The petition states that, owing to the bite of the dog, the plaintiff suffered, *and still suffers*, great pain and anguish of body and mind, that by reason of said wounds and injuries, the said plaintiff *has been* under the care of a physician ever since said nineteenth day of April, 1888, and *has been* compelled to expend large sums of money for medicines and medical treatment, to-wit: The sum of one hundred dollars, and he *has been* unable to perform his duties as engineer at his place of employment, thereby losing a large amount of time; that, by reason of said wounds and injuries, plaintiff will be permanently injured and disfigured, and that said wounds *are still open and unhealed* and causing plaintiff great pain and anxiety of body and mind. The petition concludes with a prayer for three thousand dollars damages.

Upon the trial of the cause the plaintiff gave evidence tending to show that the bite was severe and painful, and the wound at one time threatening to cause erysipelas or gangrene. That the wound was dressed by a physician one hundred and sixty times, and that one hundred dollars was a very reasonable charge for such medical aid. That he earned from seventy to seventy-five

dollars per month, and lost three months' wages owing to his inability to attend to work. The defendant objected to the evidence of any loss of wages or medical attendance after the date of the institution of this suit, and, upon his objection being disregarded, excepted, but as this exception is not preserved by motion for new trial, it is not before us.

The court, in its instruction to the jury, failed to limit plaintiff's right of recovery, to losses sustained and expenses incurred prior to the institution of this suit, to which ruling the defendant excepted and saved his exceptions, by motion for new trial. As above stated, this exception and the excess in the verdict, are the only complaints properly before us.

That instructions should conform to the pleadings, is a rudimental principle. The practice of making one case by the pleadings, and another by the instructions, has frequenly been condemned. *Moffatt v. Conklin*, 35 Mo. 453 ; *Ely v. Railroad*, 77 Mo. 37 ; *Melvin v. Railroad*, 89 Mo. 107. If the court, in the present case, had violated this rule, its judgment would necessarily have to be reversed.

The reason of the rule is that the pleadings determine what has been adjudged in a certain case. No one is to be called upon by his adversary's pleadings to defend one cause of action, and then upon the trial be confronted by another and different one ; nor be challenged to repel a claim for specific damages, and then be called upon, when unprepared to do so, to meet another and different claim for damages. The present case, however, is not affected by the rule.

A personal injury from a single wrongful act is an entirety and affords ground for one action only. In such action, the plaintiff may recover all damages suffered not only to the day of trial, but all that he may suffer with reasonable certainty in the future, as a direct result of the wrongful act. 3 Suth. Dam. 722 ; *Russell v. Columbia*, 74 Mo. 488. Such damages are

mostly general in their nature, as naturally flowing from the wrongful act.

The plaintiff's petition expressly states that he still suffers from the wound, and that it is still open and unhealed. The jury, under the allegations of the petition, would have been warranted to award him damages for the reasonably certain suffering, expenses, and loss of employment resulting to him from this injury even after the trial. It was held erroneous in *McLaughlin v. City of Corry*, 76 Penn. St. 109, under a petition substantially the same in its phraseology as the one before us, to refuse an instruction authorizing the jury to assess damages for sufferings which the plaintiff was likely to endure, and pecuniary losses which he was likely to sustain even after the day of trial. Hence, we are not warranted to find that the court committed error prejudicial to the defendant in not limiting the plaintiff's damages to losses and sufferings caused to him by the wrongful act up to the date of the institution of the suit.

The defendant offered no evidence, whatever, bearing on the question of the plaintiff's damages. The plaintiff offered uncontroverted evidence of a loss of two hundred and ten dollars in wages, and one hundred dollars in medical expenses, and also, as the bill of exceptions shows, *other testimony tending to establish the issues in his behalf*. As the verdict was only for four hundred dollars, it will be seen that of the amount awarded, only ninety dollars are left for the bodily and mental suffering of the plaintiff, from a wound shown to be dangerous and painful, and for all other damages covered by the general statement above. This disposes of the defendant's complaint that the verdict is excessive.

All the judges concurring, the judgment is affirmed.