W. R. COOK, Respondent, v. LOID H. REDMAN, Appellant.

### Kansas City Court of Appeals, May 11, 1891.

1. **Trespass:** PLEADING: ONE CAUSE OF ACTION. The petition in this case states but one cause of action, to-wit, a trespass on plaintiff's premises with the further allegation of the destruction of the grass thereon, which is nothing more than the setting out an element of damage flowing from such trespass.

2. **Frauds and Perjuries:** NOT TO BE PERFORMED WITHIN ONE YEAR. A parol contract of leasing entered into in March for a period of one year beginning April 1, thereafter, comes within the prohibition of the statute of frauds, as "an agreement not to be performed within one year from the making thereof."

3. **Trespass:** DAMAGES AFTER SUIT BROUGHT. In trespass the illegal entry constitutes the cause of action, and what is done thereafter merely aggravates the damages; and the continuing damages, flowing from the one cause of action, before or after suit brought, not only may, but must, be recovered in the one suit; the cause of action and the damages therefor are an entirety. ( *Davis v. Clark,* 40 Mo. App. 515, *distinguished.*)

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*R. B. Bristow*, for appellant.

(1) The case sets out two causes of action in one count: *First.* An action for trespass and injury to realty. *Second.* For consuming crop of grass. This is error, and the court ought to have sustained an objection to the introduction of evidence. *Kendrick v. Railroad*, 81 Mo. 521; *Scott v. Robards*, 67 Mo. 280. (2) The second instruction of the plaintiff is particularly vicious in that it ignores the law, that a landlord may, by oral contract, lease land for one year and put a party in possession, which is binding on both parties. R. S. 1889, sec. 5186; R. S. 1879, sec. 2513. (3) The court erred in admitting evidence, over the objection of the defendant, of damages and injury accruing after the date of filing his original petition, and also erred in refusing third instruction prayed by the defendant, instructing the jury that they could not find for plaintiff or assess any damages accruing after June 7, 1887, the date of filing original petition. *Davis v. Clark*, 40 Mo. App. 515. (4) The court erred in refusing second instruction, prayed for by the defendant, when the plaintiff, on the first day of April, leased the land to Schell, and, on the seventh day of April, put Schell in possession. Then Schell only had the right of action, if any, for trespass. *Lindenbower v. Bentley*, 80 Mo. 515. And the subsequent destruction of the lease contract does not help the plaintiff's case. *Tibbeau v. Tibbeau*, 19 Mo. 78; *Parsons v. Parsons*, 45 Mo. 265.

*W. W. Fry*, for respondent.

(1) This is an action for trespass, and the petition properly alleges the damages resulting therefrom, and not two causes of action. (2) Plaintiff's second instruction was correct. If any contract to rent was made

with witness Dye it was in March, 1887, for a year commencing April 1, 1887, and was, therefore, an agreement "not to be performed within one year from the making thereof." R. S., sec. 5186; *Briar v. Robertson*, 19 Mo. App. 66. (3) "An injury from a single wrongful act is an entirety and affords ground for one action only. The plaintiff may recover all damages suffered up to the day of trial as a direct result of the wrongful act." Such damages as naturally flow from the wrongful act. *Lemoine v. Cook*, 36 Mo. App. 193. The wrongful act here was putting stock on the pasture, and the destruction of the grass, etc., was the damage that resulted from the wrongful act; and all damages following therefrom to day of trial was proper. *Ward v. Davidson*, 89 Mo. 445; *Russell v. Inhabitants of Columbia*, 74 Mo. 480; 3 Suth. Dam. 722; 1 Suth. Dam. 193, 194, 196; *Peltz v. Eichele*, 62 Mo. 171; 3 Suth. Dam. 364, 366, 374, 375. (4) The contract with Schell was, as appears from the evidence, that Schell was to take pasture, provided plaintiff put him in possession.

GILL, J.—The original petition in this case was filed June 7, 1887; but the cause was tried on an amended petition as follows: "Now comes the plaintiff and by leave of the court says for his amended petition, that on April 1, 1887, the plaintiff was in possession and had control of a pasture of three hundred and twenty acres of land situated in Ralls county, Misouri; that about said last-named date the defendant wrongfully entered upon the said premises and took possession of the same and turned thereon a lot of cattle and other stock, and pastured and consumed the grass thereon during the season of 1887 to plaintiff's loss and damage in the sum of $400, for which said sum and costs plaintiff asks judgment." The answer was a general denial. From respondent's abstract of the evidence and appellant's statement, we gather the facts to be about as follows: In the year 1887, plaintiff Cook

was the owner and in the possession of some three hundred and twenty acres pasture land situated in Ralls county, which he desired to rent for the season. With this in view Cook and Dye ( who was Redman's agent ) had some verbal negotiations, in the latter part of March, relating to the renting thereof to Redman for a term of one year beginning April 1. On April 1, however, plaintiff Cook gave notice to defendant Redman that he could not lease him the premises, and that he had rented the same to one Schell. However, on that day, April 1, Redman forcibly and against the will of Cook entered into the possession of the land, and turned in about one hundred and fifty head of cattle, and set his son to repairing the fences. Cook went with Schell and turned out Redman's cattle, but Redman immediately returned them to the pasture. Whereupon, Schell abandoned the contest while Redman continued the possession thus acquired on April 1, and pastured the grass for the entire season, and until November following.

At the trial the court at the request of plaintiff gave the following instructions : " The jury are instructed, that if in April, 1887, the plaintiff was in possession of the three hundred and twenty acres of land referred to in the evidence, and the defendant, without authority or consent of plaintiff, turned stock in on said land and used, destroyed or injured said grass and lands, then the jury will find a verdict for the plaintiff for such sum as the jury shall find the plaintiff has been damaged thereby.

" 2. The jury are instructed that any agreement made by the plaintiff with the witness Dye to rent his said land to the defendant would not be binding on any of the parties thereto, unless such agreement was in writing or some money paid on the same as a part payment of the rent of the same."

And the court of its own motion gave the following instruction : " The court instructs the jury that if they find for the plaintiff the measure of damages is the fair

and reasonable value of the grass destroyed by the cattle of defendant during the time said cattle were in plaintiff's pasture, not exceeding $400."

The following instruction was given for defendant: "The court instructs the jury that if they believe from the evidence that the plaintiff had previously to the first day of April, 1887, rented the premises in controversy to the defendant, or to the witness Dye, for this defendant, and told said witness Dye to take possession of said premises or turn defendant's cattle in the pasture, their verdict must be for the defendant." There was a verdict and judgment for plaintiff in the sum of $300, and defendant appealed.

I. There is no merit in the objection to the petition. It does not set out two causes of action in one count, as is claimed by defendant's counsel. The one cause of action is alleged, to-wit, a trespass on plaintiff's premises with a further allegation of the destruction of the grass thereon, which is nothing more than the setting out an element of damage flowing from such trespass.

II. It seems the trial court refused to give effect to any contract of leasing by the defendant which may have been entered into in March, 1887, for a period of one year beginning April 1, thereafter, on the ground that, as the same was not in writing, it was barred by the statute of frauds. R. S. 1889, sec. 5186. This holding of the court was clearly correct, as decided by us in case of *Briar v. Robertson*, 19 Mo. App. 66. Such defense was grounded upon "an agreement that it is not to be performed within one year from the making thereof."

III. Defendant's trespass on plaintiff's land was on April 1, 1887. It was then the one hundred and fifty head of cattle were turned into the pasture, and they continued there until November following, consuming plaintiff's grass. This suit was instituted June 7, 1887. At the trial evidence was admitted to show the

entire value of the grass, that was consumed by defend-
ant's said stock before and *after* the suit was brought;
and the court, too, by an instruction told the jury that
plaintiff was entitled to recover the "reasonable value
of the grass destroyed by the cattle of defendant dur-
ing the time such cattle were in plaintiff's pasture not
exceeding $400," the amount claimed in the petition.
This ruling of the court, as to the measure of damages,
is complained of by defendant. It is said by counsel
that the recovery should have been limited to the
amount of grass destroyed and consumed up to June
7, when the suit was brought. This position is untena-
ble. The illegal entry or trespass committed April 1,
1887, constituted the cause of action. What was done
thereafter was merely to aggravate or increase the
damages. The cause of action was complete when the
suit was brought, and the continuing damages, flowing
from the one cause of action, before or after suit
brought, not only *may*, but *must*, be recovered in the
one suit, the one and only cause of action. The cause
of action and the damages recoverable therefor are an
entirety. 1 Sutherland on Damages, 175, 187, 193, 194,
196 ; 3 Sutherland on Damages, 364; *Lemoine v. Cook*,
36 Mo. App. 197. The case of *Davis v. Clark*, 40 Mo.
App. 515, seemingly relied upon by defendant, is not
authority for his contention. That was an action by
the owner of a reversionary interest in real estate
against the life-tenant for waste. During the pendency
of the suit plaintiff was permitted by the trial court
to file an amended petition, wherein waste was charged
to have been committed since the action was begun,
introducing into the controversy by an amended petition
a new and further cause of action. Judge ELLISON,
speaking for the court, there says : "The cause of
action must be complete at the beginning of the suit.
* * * Filing an amended petition does not open up
to plaintiff a cause of action accruing after the original
petition was filed ; it operates only as a restatement of

a cause of action existing at the beginning." Hence we held the lower court committed error in permitting such *new cause of action*, on account of matters happening after the original action was commenced, to be injected into that suit. But here, in the case under review, no new or other cause of action is relied on, and the plaintiff is permitted to recover his damages resulting, or flowing from, such injury, trespass or cause of action. We are of the opinion that the trial court correctly ruled on this matter.

Other matters are suggested in counsel's brief, but they are not of sufficient importance to warrant notice in this opinion. Upon a careful review of the case we discover no reversible error, and the judgment, therefore, of the circuit court is affirmed. All concur