JOHN H. ALFTER, Respondent, v. HAMMITT & MORRISON, Appellants.

Kansas City Court of Appeals, May 15, 1893.

1. **Practice, Appellate:** ABSTRACT: PREMATURE ACTION. Where the original petition nor the date of its filing is not in the abstract, the appellate court cannot tell what facts were relied on as a cause of action, nor determine that the action was prematurely brought; and the fact that an amended and supplemental petition was filed rather justifies the inference that the original petition did state a cause of action, as the amended and supplemental petition could only state such facts as had transpired after the commencement of the suit and reinforced the original cause of action.

2. **Practice, Trial:** CONTINUING DAMAGES: RECOVERY: SUPPLEMENTAL PETITION. The cause of action being complete when suit is brought, continuing damages may be recovered in the one suit, and the additional actionable facts may be brought upon the record by an amended and supplemental petition.

3. ———: EVIDENCE TO SUPPORT VERDICT. *Held*, the evidence in this case was sufficient to enable the jury to make an intelligent and probable estimate of the amount of the timber left on plaintiff's land by the defendant.

4. ——: EVIDENCE: FRAUD. *Held*, on the evidence there was no element of fraud or misrepresentation as to the situation and condition of plaintiff's land.

5. ——: PRIMA FACIE CASE: MEASURE OF DAMAGES: HARMLESS ERROR. By evidence tending to show a certain quantity of timber left on plaintiff's land which defendants had bound themselves to make into ties and to pay a certain price per tie therefor, the plaintiff had made a *prima facie* case. From the damages thus calculated should be subtracted the value, if any, of the timber left; and the burden was on the defendants to show such value and they were not harmed by an instruction directing such subtraction, and harmless error will not reverse.

*Appeal from the Morgan Circuit Court.*—HON. J. R. EDWARDS, Judge.

AFFIRMED.

*Christian & Wind*, for appellants.

(1) As the term during which Hammitt & Morrison had a right to make ties out of the oak timber on the land had not expired at the time of the institution of the suit, no cause of action for failure to make ties out of the timber could have accrued. *Collins v. Monterney*, 3 Ill. App. 182. The filing of an amended petition after expiration of contract period could not operate to include a cause of action which did not exist at institution of suit. *Davis v. Clark*, 40 Mo. App. 515; *Cook v. Redman*, 45 Mo. App. 397–402. (2) The evidence of the quantity of tie timber left on the land was not sufficient to base a verdict on. It was a mere guess and the verdict should not be sustained. *Wilson v. Railroad*, 32 Mo. App. 685. The admission of the witnesses' opinions without requiring them to state a basis for it, is error. *Fitzgerald v. Hayward*, 50 Mo. 521; *Eyerman v. Sheehan*, 52 Mo. 223; *Murphy v. Murphy*, 22 Mo. App. 24–25; *Belch v. Railroad*, 18 Mo. App. 85. (3) The contract required Alfter to furnish Hammitt

·& Morrison a site adjoining the Osage river on his land for the establishment of a mill and a banking ground, and as it is conceded the land did not adjoin the Osage river plaintiff cannot recover and is liable for any damages caused by the misrepresentation and consequent breach. (4) There was no evidence of the value of the timber left standing and that left lying, and as that had to be shown before it could be ascertained whether plaintiff was damaged he could under no circumstances recover more than nominal damages. *Kingsland & Ferguson Co. v. St. Louis Iron Co.*, 29 Mo. App. 539, 540, 541. It was therefore error to instruct the jury, if they found for plaintiff, to return a verdict for the difference between the contract price and the value of the timber. *Harty v. Railroad*, 95 Mo. 372; *State v. Parker* 106 Mo. 225; *Martin v. Railroad*, 105 Mo. 353; *State v. Hope*, 102 Mo. 410; *State v. McKenzie*, 102 Mo. 620; *Brown v. Railroad*, 101 Mo. 497. It was error for the court to leave the jury to infer that the timber was of no value.

*B. R. Richardson* and *Draffen & Williams*, for respondent.

(1) It was competent for the plaintiff, by his amended and supplemental petition, to state facts showing a continuation of the wrongs complained of down to the filing of said amendment, and to recover damages for the injuries sustained to the time of filing said supplemental petition. This rule applies in legal as well as in equitable actions. *Childs v. Railroad*, 17 S. W. Rep. 954–958; *Nave v. Adams*, 17 S. W. Rep. 958. (2) The original petition is not set out. The action was predicated upon the contract sued upon in the second amended and supplemental petition. The amended petition alleged that the defendants continued

in possession of the land after the bringing of the suit, and down to the filing of the first amended petition, and set out various breaches that occurred before the filing of the supplemental petition. No objection was taken to this pleading by the defendants. There was no motion to strike it out. It is too late now to raise the objection, that the amendment was brought in a cause of action not in the original petition and was really the beginning of a new suit. *Scoville v. Glassner*, 79 Mo. 449; *Campbell v. Seeley*, 43 Mo. App. 23; *Hubbard v. Quisenberry*, 32 Mo. App. 459. (3) Witnesses who had made a careful examination of the timber and had inspected it with a view of ascertaining the number of ties that could have been made, and who were judges of the character of timber fit for ties, were properly permitted to give to the jury their estimate of the quantity of ties that could have been made from the timber left on the ground. In no other way could this be arrived at. It certainly was not necessary for plaintiff to have the timber cut down and made into ties in order to establish the amount of his loss. 1 Sedgwick on Damages [8 Ed.] sec. 170, p. 245; *Eyerman v. Sheehan*, 52 Mo. 221. (4) The land was fully described in the contract. There is no claim that the plaintiff fraudulently pointed out the wrong lines. *Dunn v. White*, 63 Mo. 181. (5) The court laid down the correct rule as to the damages. All the facts were laid before the jury. The evidence disclosed the quantity of timber on the ground, its situation and condition. It was not necessary to call a witness to express an opinion as to its value although the plaintiff offered to do so, and the defendent objected, and on account of this objection, the offer was withdrawn. *Gibbons v. Railroad*, 40 Mo. App. 146–152; *City of St. Louis v. Rankin*, 95 Mo. 189; *City of Kansas v. Streit*, 36 Mo. 666; *Bowen v. Railroad*, 95 Mo. 268–275. "A party cannot assign for

error that which he himself has invited the court to commit." *Waddingham v. Waddingham*, 27 Mo. App. 596; *Atkisson v. Taylor*, 34 Mo. App. 442. If the defendants, however, wished to exempt themselves from part of the damages, for the reason that plaintiff had the benefit of the timber left on the ground, and that it was of any special value, they ought to have shown it. *Pond v. Wyman*, 15 Mo. 175.

SMITH, P. J.—This was a suit to recover damages for the breach of a contract for the sale of railway tie timber. The plaintiff had judgment and the defendants have appealed.

The first ground upon which the appealing defendants assail the judgment is that as the time allowed by the contract in which defendants had the right to make ties out of the timber on plaintiff's land, had not expired at the time of the commencement of the suit, therefore no cause of action for non-performance had then accrued. The original petition is not contained in the defendant's abstract, so that it is impossible for us to tell what facts were therein stated and relied on as constituting a cause of action on the contract, nor does it anywhere appear at what particular date the suit was commenced. We cannot say from an examination of the plaintiff's amended and supplemental petition which is contained in the defendant's abstract of the record that it states a cause of action which did not exist at the commencement of the suit; for as we have already stated we have no means of ascertaining when that was. For aught that appears by the record the suit may not have been commenced until after the expiration of the timber contract. But if the suit was brought before the expiration of the contract as contended by defendants we cannot infer that it stated no breach of the contract for which dam-

ages were recoverable, but the fact that plaintiff filed an amended and supplemental petition rather justifies the inference that it did state facts constituting a cause of action on the contract, because such amended and supplemental petition could only state such facts as had transpired after the commencement of the suit as strengthened or reinforced the original cause of action. *Nave v. Adams*, 107 Mo. 421.

We must assume that the plaintiff's original petition stated a cause of action on the contract for which damages were recoverable and that the cause of action was complete when the suit was brought. The amended and supplemental petition doubtless stated no more than such additional acts of nonperformance of the conditions of the contract, which increased the damages as had transpired between the commencement of the suit and the filing of such amended and supplemental petition.

The cause of action being complete when the suit was brought and the continuing damages flowing from the one cause of action, according to our ruling in *Cook v. Redman*, 45 Mo. App. 397, could be recovered in one suit only. The meaning of this is as we think that when other and additional actionable facts of the same kind and belonging to the same group and cognate to those constituting the cause of action stated in the original petition have come into existence since the commencement of the suit they may be brought on the record by an amended and supplemented petition, and we may infer that nothing more than this was accomplished by the amended and supplemental petition in this case.

We cannot say as defendants insist we shall that there was no evidence of the quantity of timber left on the ground by defendants sufficient to support the verdict. The evidence of no less than three witnesses

tended to show that they went upon the land after the expiration of the defendant's contract and made a careful estimate of the number of ties that could have been made out of the timber left by the defendants. The evidence placed before the jury facts and circumstances which had an inevitable tendency to show damages and which was sufficient we think to enable them to make an intelligent and probable estimate of the amount of the same. This was all that is required by the law. 1 Sedgwick on Damages, sec. 170; *Eyerman v. Sheehan*, 52 Mo. 221.

The land was fully described in the contract and the plaintiff furnished defendants all that they required. The boundary lines of the land were shown the defendants before the contract was entered into, so that there was no element of fraud or misrepresentation in the transaction. In the light of the circumstances under which the contract was made as shown by the evidence, the slough running up to the land from the river was regarded as the river or a branch or arm of it. The defendants were fully advised of the situation of the land as respected the river at the time they made the contract and so have nothing to complain of on that account.

The defendants finally contend that there was no evidence introduced which tended to prove the value of the timber left on the land, and therefore it was error for the court to instruct the jury as it did, that the measure of damages was the difference between the contract price and the value of the timber so left. When the plaintiff adduced evidence tending to show that the defendants had left a certain quantity of the timber on the land which they had bound themselves under the contract to make into ties and to pay a certain price per tie therefor, the plaintiff had made out his *prima facie* case. From the damages which the plaintiff would

thus be entitled should be subtracted the value, if any, of the timber left on the land. The burden of showing this was properly on the defendants. *Pond v. Wyman*, 15 Mo. 175. If neither the evidence of the plaintiff nor that of the defendants showed that the timber was of any value the defendants were not hurt by the instruction. It might have been harmful to plaintiff but he is not complaining.

It seems there was no evidence introduced to justify the giving of that part of the instruction in respect to the reduction of the plaintiff's damages, yet this error was harmless and for which we cannot disturb the judgment.

With the concurrence of the other judges the judgment will be affirmed.