| | |
|---|---|
| 52 | 221 |
| 44a | 491 |
| 52 | 221 |
| 107 | 175 |
| 52 | 221 |
| 50a | 609 |
| 52 | 221 |
| 54a | 309 |
| 52 | 221 |
| 61a | 585 |
| 52 | 221 |
| 78a | 164 |
| 52 | 221 |
| 81a | 642 |
| 52 | 221 |
| f83a | 649 |

GOTTLIEB EYERMAN, Respondent, *vs.* JOHN SHEEHAN, *et al.*, Appellants.

1. *Evidence—Witnesses—Opinions, when admissible.*—Opinions of witnesses are admissible, when the subject of inquiry is so indefinite and general in its nature as not to be susceptible of direct proof, or if the witness has had the means of personal observation, and the facts and circumstances upon which he bases his conclusion are incapable of being detailed so intelligibly as to enable any one but the observer himself to form an intelligent conclusion from them.

*Appeal from St. Louis Circuit Court.*

*Davis, Thoroughman & Jones,* for Appellant.

Witnesses must give facts and not opinions. (Dickinson vs.

Johnson, 24 Ark., 251.) The exceptions to the rule are confined to cases where from the nature of the subject of inquiry, facts disconnected from opinions cannot be so presented to the jury as to enable them to pass upon the question presented with the requisite knowledge and judgment. (Newmark vs. Liverpool Fire Insurance Co., 30 Mo., 160.)

The opinions of these witnesses were not receivable simply because they had seen the work at intervals while it was going on. (Robertson vs. Starke, 15 N. H., 109 ; New England Glass Co. vs. Lovel, 7 Cushing, Mass., 319 ; Newmark vs. Liverpool Fire Insurance Co., 30 Mo., 160.)

*Henry D. Laughlin*, for Respondent:

Estimates made by witnesses based upon actual observation and great familiarity with the work. (Fitzgerald vs. Hayward, 50 Mo. 516)

Ewing, Judge, delivered the opinion of the court.

This was an action to recover a balance of $1,959.40 for stone sold and delivered by the plaintiff to the defendants at the water-works reservoir on Compton Hill in St. Louis, an account of which is set forth in the petition.

The defendants in their answer deny that plaintiff delivered stone in the quantity or of the quality alleged in the petition.    They allege that they made a contract with the plaintiff by which he agreed to deliver stone of a quality, quantity and of dimensions particularly set forth in the answer, and which should pass the inspection of the engineer.    They allege a breach of this contract, and that they were compelled to expend large sums of money in preparing the stone furnished by the plaintiff, so as to fit it for the purpose intended.    They set up, by way of counter-claim, an alleged indebtedness of plaintiff to them in a large sum of money for goods sold and delivered, and for material furnished.

The plaintiff in his reply denies the material allegations of the answer.

There was a verdict and judgment for plaintiff for $2,027.20, which being affirmed at general term, the cause is brought to this court by appeal.

The ruling of the court assigned for error related to the admission of evidence, and the refusal to give the instructions asked by the defendants. The original contractors for the work on the reservoir, Murphy and Henderson, before completing it sub-let a part thereof, being the northern half, to the defendants, and the plaintiff, who had previously entered into a contract with M. and H. to furnish stone of the description and dimensions stated in the petition, commenced the performance of their agreement, and continued to furnish the materials after the transfer to the defendants as before.

The Court permitted several witnesses against the objection of the defendants, to give their estimate of the average depth or thickness of the broken stone used in said work.

It appears from the evidence preserved in the bill of exceptions, that all the witnesses who testified on this subject, were connected in some capacity or other with the work, even were actually engaged in superintending it, and directing the manner of its execution, and from personal supervision and observation, had ample data upon which to make their estimate.

Before giving their opinion they stated the fact, more or less specifically upon which it was based. The question was as to the quantity of the stone furnished, and as it could not be accurately measured after it was put down, (so one of the defendants testified,) the average amount could only be ascertained approximately by evidence of this character.

The general rule is, that witnesses must state facts, and not their individual opinion, but there are exceptions to the rule as well established as the rule itself. When the subject of inquiry is so indefinite and general in its nature, as not to be susceptible of direct proof, the opinions of witnesses are admissible. If the witness has had the means of personal observation, and the facts and circumstances upon which he bases this conclusion are incapable of being detailed so intelligibly as to enable any one but the observer himself to form an intelligent conclusion from them, he may *add* his opinion.

A witness who is such an expert, may state facts and give his estimate of the work upon the facts detailed. (Fitzgerald vs. Hayward, *et al.*, 50 Mo., 516.)

The instructions asked by the defendant were properly refused. They were based upon the assumption, that there was evidence before the jury tending to prove a special contract between the plaintiff and the defendant for a delivery of stone. After a careful examination of the bill of exceptions, I have been unable to see any evidence that would warrant the giving of the instructions.

In the testimony of the plaintiff which seems to be mainly relied on to show this, there is some allusion to an understanding as to the delivery of the stone, but it evidently refers to his understanding or agreement with Murphy and Henderson, for he states and reiterates the statement, that he never made any contract or had any understanding whatsoever at any time with the defendants.

Judgment affirmed. The other Judges concur, except Judge Sherwood, who is absent.