## GREENWELL v. CROW, *Appellant.*

1. **Evidence**: OPINIONS OF WITNESSES. When the subject of inquiry is so indefinite and general in its nature, as not to be susceptible of direct proof, the opinions of witnesses are admissible, provided they are based on facts within their own knowledge.

2. ———: NEGLIGENCE. Where the question was whether the defendant was guilty of negligence in keeping a large amount of money in his house, evidence to show where or how particular persons in the vicinity kept their money, unaccompanied by any evidence as to whether or not they were prudent persons, or as to any uniform custom of the community in respect to keeping money ; *Held,* inadmissible.

*Appeal from Madison Circuit Court.*—HON. JOHN B. ROBINSON, Judge.

REVERSED.

Defendant Crow, as public administrator of Perry county, upon his final settlement of the estate of Joseph Pratt, deceased, asked credit for the sum of $1,210.67,

which he alleged had been stolen, at night, from the drawer of a bureau in his house in that county. Plaintiff, as his successor in office, disputed the claim, and the probate court refused the credit. Crow appealed to the circuit court, and subsequently took a change of venue to Madison county. Upon a trial in the circuit court of that county, defendant gave evidence of the theft, and then offered to show by the sheriff of Perry county that he was acquainted in that county and that it was as safe to keep money at defendant's house at the time of the theft as it was in any other part of the county, and further, that the sheriff himself frequently kept large sums of money at his own house, and that Cissell, Wilkinson and other wealthy citizens kept their money at their houses. This evidence was excluded by the court. The plaintiff, on his part, gave evidence that there were good safes in the county, and against the objection of defendant, was allowed to show that the persons owning the safes often permitted those who had money to deposit it in them, and that money was so deposited for safe keeping. The trial resulted in a verdict and judgment disallowing defendant's claim, and he appealed to this court.

*B. B. Cahoon* and *John H. Nicholson* for appellant, cited *Fudge v. Durn,* 51 Mo. 266; *State v. Meagher,* 44 Mo. 358, 363; *Merritt v. Merritt,* 62 Mo. 157.

*Killian & Killian* for respondent.

## I.

SHERWOOD, C. J.—The defendant should have been permitted to prove by the sheriff that he was acquainted in Perry county, and that it was as safe to keep money at Crow's house, at the time of the theft, as it was in any part of the county. Similar testimony by the administrator himself was held admissible by this court in *Fudge v. Durn,* 51 Mo. 264. The testimony sought to be elicited from the

witness, was by no means his mere opinion. Ordinarily mere belief or persuasion not resting on a sufficient or legal foundation, is inadmissible, but with respect to persuasion or belief based on facts within the witness' own knowledge, the case is otherwise. On questions of identity of persons and handwriting, it is every day's practice for witnesses to swear that they believe the person to be the same, or the handwriting to be that of a particular individual, although they will not swear pointedly; and the degree of credit to be attached to the evidence is a question for the jury. Stark Ev., § 173; 1 Greenleaf Ev., § 440. "The general rule is, that witnesses must state facts, and not their individual opinion, but there are exceptions to the rule as well established as the rule itself. When the subject of inquiry is so indefinite and general in its nature, as not to be susceptible of direct proof, the opinions of witnesses are admissible." *Eyerman v. Sheehan*, 52 Mo. 221. It would be difficult to suppose a case to which the remarks just quoted, could be more applicable, than to the case at bar. If, as offered to be proven, the witness was acquainted in Perry county, then as to whether the *locus in quo* was as safe as any other *locus* in such county, was a matter resting on facts within the witness' knowledge, as well as on inferences or deductions of the witness from those facts. A subject of inquiry of so general and indefinite a nature, could scarcely be susceptible of more direct proof or of being more intelligibly communicated to the jury. At any rate, under the authorities cited, the evidence offered was competent to go to the jury for what it was worth, and consequently it was error to refuse to admit it.

## II.

But evidence was not admissible, on the part of the plaintiff or defendant, as to in what way or place others in the vicinity kept their money, whether they kept it at home, or kept it in safes in Perryville, unless it were shown that such persons were careful and prudent persons, or

that it was the uniform custom of the community to keep their money in such safes or places; in which event, the failure to conform to a custom which the whole community esteemed the safer, might not be without its weight in determining whether one who failed to conform to such custom, was the possessor of that measure of prudence which the law requires at the hands of those acting in a fiduciary capacity. The judgment is reversed and the cause remanded. All concur.