## ELSNER v. SUPREME LODGE, KNIGHTS AND LADIES OF HONOR, *Appellant*.

1. **Practice:** CONTINUANCE: EVIDENCE. The statute ( R. S. 1879, sec.
   3596 ) permitting a party to read as the evidence of such absent wit-
   nesses the facts stated in affidavits for a continuance should be so
   construed as to give those who fall within its terms the full benefit
   of such advantages as it affords.

2. ——— : ——— : ———. The facts recited in the affidavits for con-
   tinuance as those the absent witnesses would testify to should be
   received with like effect as their testimony, and where instructions
   are given upon the subject they should so declare.

3. ——— : ———. The extent of an admission made to prevent a.
   continuance is a matter solely for the consideration of the court,
   and it is unnecessary to refer to it in instructing the jury.

4. ——— : EXCEPTIONS : SIGNIFICATION OF TERMS. Where the bill of
   exceptions recites that a party "objected" to a ruling of the trial
   court immediately thereafter and evidently for the purposes of
   review in the appellate court, that word will be held synonymous
   with "excepted."

Elsner v. Sup. Lodge, Knights & Ladies of Honor.

5. ——: AGE : EVIDENCE : OPINION OF WITNESS.  Where the issue is whether a party was forty-seven or fifty-six years of age at a certain time, the court may admit an expression of opinion by a witness as to that age, based on the appearance of the party at the time, accompanied with a description of· such appearance from which the opinion was formed.

*Appeal from St. ·Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

REVERSED AND REMANDED.

THIS action is upon two benefit certificates for three thousand dollars, issued by the Supreme Lodge, Knights and Ladies of Honor, upon the life of Jacob Elsner, payable to his widow, the plaintiff, upon his death.

The defense is that he misrepresented his age in the application upon which the certificates were based. The answer charges that he was born December 3, 1828, instead of December 28, 1837, as he had stated in his application.

Issue was taken on this defense.

When the case was called for trial, defendant moved for a continuance upon affidavits.  These recited several reasons appealing to the discretion of the trial court and also stated, among other things, that affiant believed that, if a continuance were granted, depositions of witnesses could be obtained for defendant from Germany, in time of the setting of the cause at the next term, to establish the alleged fact regarding the true age of Elsner, namely : that he was upwards of fifty-six years of age when he made his application for insurance, instead of forty-seven years, as he had then represented.

Upon that application plaintiff's counsel ( in the language of the bill of exceptions) "stated that they

would admit the facts set forth in the affidavits in accordance with the provisions of the statute, section 3596, whereupon the court overruled said motion for continuance."

The cause was tried with the aid of a jury. The evidence was conflicting. On the part of plaintiff several witnesses were permitted, in rebuttal, to state their opinions of the age of deceased from his appearance at the time of his application.

The court gave several instructions, one of which will be noted particularly in the opinion. A verdict was returned in favor of plaintiff.

After the usual motions, defendant appealed.

*Valle Reyburn* for appellant.

(1) The court erred in admitting testimony as to the age of Elsner, based upon the opinions of witnesses whose opinions were founded solely upon his appearance. A non-expert witness must first give the facts on which his opinion is formed. The opinion of such witness as to age from appearance, unaccompanied by facts on which it is founded, is inadmissible. Abbott's Trial Evidence, p. 87; *Morse v. State*, 6 Conn. 9; *Commonwealth v. O'Brien*, 134 Mass. 198; Lawson on Expert and Opinion Evidence, p. 539; *Greenwell v. Crow*, 73 Mo. 638; *Straus v. Railroad*, 86 Mo. 433. (2) The court erred in refusing to give the instruction of nonsuit. There was no testimony from which the jury could legally infer that Elsner's age was not that which defendant's witnesses testified. (3) The court erred in giving the instruction as to witness having testified falsely. *Railroad v. Murdoch*, 62 Mo. 74; *White v. Maxey*, 64 Mo. 559. (4) The court erred in its instruction as to effect to be given to the facts set forth in the affidavit for continuance.

*J. L. Torrey* for respondent.

(1) There was no error in admitting the testimony as to the age of Jacob Elsner. *Commonwealth v. O'Brien*, 134 Mass. 198; *Foltz v. State*, 33 Ind. 217; *Benson v. McFadden*, 50 Ind. 433; *Railway Co. v. Miller*, 2 Colo. 481; *De Witt v. Barly*, 17 N. Y. 342. (2) There was no error in giving or refusing instructions. R. S. 1879, secs. 3595, 3596. (3) The application for a continuance was properly overruled.

BARCLAY, J.—I. The admission, which plaintiff's counsel made under section 3596 (R. S. 1879), to avoid the continuance asked by defendant, was that the defendant's absent witnesses, if present, would swear to the facts set out in the affidavit. That admission permitted defendant to "read as the evidence of such witness the facts so stated in such affidavit."

At best this device furnishes a poor substitute for the testimony of a witness, but the legislature has sanctioned it as a necessary measure to diminish somewhat the evils of delay in the administration of justice. But it is a law which, obviously, should be so construed as to give those who fall within its terms the full benefit of such advantages as it affords.

In the case before us defendant's affidavits for a continuance went to the jury during the trial, but at its close the court gave an instruction, at plaintiff's request, to this effect:

"2. The jury are instructed that plaintiff does not admit the statements made in defendant's application for a continuance and read in evidence, to be facts established by evidence, but only admits that defendant could produce evidence as in said affidavits stated, tending to prove such facts."

This instruction fell far short of telling the jury that the facts recited in the affidavits for continuance,

as those the absent witnesses would prove, were to be received with like effect as their testimony. If the court instructed at all upon that point it should have carefully given as much effect to those affidavits as the statute requires (R. S. 1879, sec. 3596). The extent of the admission made to prevent a continuance is, in strictness, a matter with which the court alone should deal. The admission is made to the court. It is, at least, unnecessary (we will not say always erroneous) to refer to it in instructing the jury. But we have no doubt that the instruction numbered 2, given in the case at bar on the subject, was calculated to convey a wrong impression regarding the absent evidence of defendant, which the affidavits and the adversary's admission had undertaken to supply.

Plaintiff's counsel, to destroy the force of this error, contend that no exception to it was saved. On this point the recital in the bill of exceptions is this: "to which action of the court, in giving said instruction, defendant then and there *objected*." Here the objection was made immediately after the ruling and evidently for the purposes of review. Although the word "excepted," in that connection, would more fully meet the requirements of technical nicety, we are not prepared to say that it is essential. The law dictionaries of Bouvier and Burrill mention an "objection," made to the decision of a judge in the course of a trial, as one of the definitions of the word "exception," and in Webster's dictionary the latter word is given as a synonym for objection.

Our duty is to so construe the code of practice as to distinguish between substance and form (R. S. 1879, sec. 3586). We think we do so in declaring that the word "objected," as above quoted from the record before us, should be regarded as of the same significance as "excepted."

II.  As a re-trial must result, we state our views upon another point shown by this record, which may be of some service in the subsequent proceedings.

The court admitted certain evidence, in rebuttal, regarding the age of deceased when he applied for this insurance.  Some witnesses, who had known him well, were allowed to give their opinions of it, based upon his appearance.

There are many instances in which the statement by witnesses of opinions on a fact in issue are receivable in evidence.  One class of these cases embraces subjects of such a nature as cannot be practically presented by description with sufficient accuracy to convey a satisfactory impression to the hearer.  Regarding these subjects evidence usually called "of opinions" is admissible on grounds of necessity in the practical administration of law.  Some illustrations of its admissibility are readily furnished by our own decisions, for instance in relation to identity of person and of property.  *State v. Babb,* 76 Mo. 501 ; *Greenwell v. Crow,* 73 Mo. 638.

To exactly classify the cases in which such evidence may properly be given appears to have been a task of insurmountable difficulty to the text writers on evidence. No rule has yet been framed that can safely be applied as a touchstone for the difficulties that arise upon this subject.  The differences of opinion between courts of last resort attest this.

For the purposes of this case, it is only necessary to decide that, where the age of a party is in issue, the court may admit an expression of opinion by a witness as to that age, based on the appearance of the party at the time, accompanied with a description of the appearance from which such opinion was formed.

That such evidence is competent we do not doubt. Its relevancy in each particular case will depend on the

nature of the issue to which it is directed. Whether it would be relevant where the issue involved but a slight difference in age, for example whether a person, at a certain time, was forty, or forty-one years of age, might admit of serious doubt—though by that remark we do not assume to decide the point for it is not before us. But where the issue to which such evidence relates is, as here, whether the deceased was forty-seven, or (at least) fifty-six years of age when he applied for membership in the defendant order, we think such evidence would have some probative force, and hence is relevant to the issue.

It is unnecessary to comment on the other assignments of error.

The judgment should be reversed and the cause remanded. RAY, C. J., and BLACK, J., concur. SHERWOOD and BRACE, JJ., concur specially in a separate opinion.

### SEPARATE OPINION.

SHERWOOD, J.—Section 30 of article 2 of our constitution, known as the Bill of Rights, declares: "That no person shall be deprived of life, liberty or property without due process of law." This organic declaration is synonymous with the words "law of the land," and secures to the individual those fundamental rights of trial which previous usage had established. 1 Bishop's, Crim. Proc., sec. 145.

The three rights of "life, liberty or property," are all grouped together in a single sentence and each one of them is as sacred in the eye of the constitution as the other, or any one of them. Neither of these rights can be maintained in a court of justice except by the exercise of the coincident right of the usual process to compel the attendance of witnesses in support of such right.

Because the foregoing opinion in effect asserts the validity of section 3596, a section similar in all respects to section 1886, which has been by this court thrice declared unconstitutional, I do not concur in that paragraph of the opinion. BRACE, J., concurs in these views.