Taylor v. Short.

WILLIAM M. TAYLOR, Appellant, v. W. H. SHORT, Respondent.

Kansas City Court of Appeals, December 2, 1889.

1. **Practice: JURY SHOULD PASS ON EVIDENCE.** Where there is any evidence, however slight it may be, and whether direct or inferential, it must go to the jury, who are the exclusive judges of its weight and sufficiency, and in such case instructions in nature of demurrer to evidence are properly refused.

2. ——— : **GENERAL VERDICT: STIPULATION.** Where the finding for defendant on a counter-claim, being one of his defenses, is, by necessary implication a finding on plaintiff's cause, plaintiff cannot complain of the general verdict, and especially is this the case where the stipulation of the parties authorizes such verdict.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Boyd & Sebree*, for the appellant.

(1) The motion for a new trial ought to have been sustained. (*a*) Because there was no substantial evidence on behalf of defendant that plaintiff was a principal on the M. G. Brown note. The evidence of the whole case preponderates so strongly on the side of plaintiff, as to convince an unprejudiced mind that the verdict was founded upon partiality, bias, prejudice or mistake, and not upon a just and fair consideration of the evidence. This being the case, the appellate court will reverse the judgment. *Spohn v. Railroad*, 87 Mo. 74 ; *Hacker v. Brown*, 81 Mo. 68. (*b*) Because there was no evidence whatever that plaintiff was a principal in the Hicks note, and consequently no evidence to support the verdict. (2) The court committed

error in refusing to give the first and fifth instructions asked by plaintiff. (3) The court committed error in giving the second and third instructions asked by the defendant. (4) The verdict was not responsive to the issues made by the pleadings. There was no finding upon plaintiff's demand, and for that reason the motion in arrest of judgment ought to have been sustained. *Mooney v. Kennett*, 19 Mo. 551 ; *Clark v. Railroad*, 36 Mo. 202–215 ; *Pitts v. Fugate*, 41 Mo. 405 ; *Owens v. Railroad*, 58 Mo. 386 ; *Sturgeon v. Railroad*, 65 Mo. 569 ; *Erdbruegger v. Meir*, 14 Mo. App. 260–1.

*Jackson & Montgomery*, for the respondent.

(1) This court will not disturb a verdict rendered on conflicting evidence. (2) There was no error in refusing plaintiff's first and fifth instructions, because there was such conflicting evidence, and because defendant was not a party to the deeds mentioned in the fifth instruction and was not concluded by the mere legal effect of the same. (3) The finding for the defendant, for the full amount of his counter-claim, necessarily implies a finding against the plaintiff on the cause of action stated in the petition. *Hoyle v. Ferguson*, 80 Mo. 378 ; *Schwaabs v. Woodburn, etc., Co.*, 56 Mo. 176 ; *H. & N. L., etc., Co. v. Bowling*, 53 Mo. 311 ; *Harris v. Tiffany*, 8 B. Mon. 227.

Smith, P. J.—This is a suit in which the plaintiff seeks to recover of the defendant five hundred and fifty dollars, being half the sum paid by plaintiff on a note dated January 7, 1886, executed by L. D. Short, the plaintiff, Wm. M. Taylor, and the defendant, W. H. Short, to M. G. Brown, cashier of the Brownsville Savings Bank; the grounds of the action being that the defendant was a co-surety of plaintiff. The answer admits the execution of the note and the payment

thereof by plaintiff, but denies that plaintiff was a surety, alleging that he and L. D. Short were partners and principals in the note. The answer also pleads a a set-off or counter-claim, alleging that defendant was a surety on a note executed by L. D. Short and plaintiff, as principals, to one G. A. Hicks, for three hundred and fifty dollars, October 7, 1884, and that defendant was compelled to pay said note.

The reply was a general denial, accompanied by an affidavit, denying the partnership averred in the answer.

The evidence adduced at the trial was very conflicting. The testimony of L. D. Short was quite explicit that the partnership relation existed between plaintiff and himself at the time the note made to Brown was executed. Besides this, he further testified that the money borrowed of Brown, on the note to him, was to pay for improved machinery to be placed in the mill in respect to which this controversy arose. L. D. Short's testimony is both contradicted and corroborated by that of other witnesses.

There was also evidence introduced tending to show that defendant had paid the note made by the defendant to one Hicks as surety for L. D. Short and the plaintiff. And also evidence tending to show that the plaintiff had paid off the Brown note. At the trial, the following stipulation of the parties to the suit was read to the jury.

There being an error in the execution in the Hicks case, it was agreed that the following be read to the jury, as a correct statement of amount, which was read accordingly:

"Amount of half what Taylor paid on the eleven-hundred-dollar note, with interest to date, is six hundred and nine dollars. One half of the Hicks debt, paid by W. H. Short, with interest to this date, is two hundred and sixty dollars. If the jury find for plaintiff, they will give credit for the two hundred and sixty

dollars, and find for plaintiff for three hundred and forty-nine dollars. If the jury find for defendant, the amount of their verdict will be for five hundred and twenty dollars on the counter-claim." The defendant had a verdict and judgment for five hundred and twenty dollars, from which judgment plaintiff appeals.

I.   The disputed questions of fact were passed upon by the jury, which is conclusive upon us.

It cannot be said, as is seen by our statement of the evidence, that there was no evidence before the jury that the plaintiff was not one of the principals in either the Brown or the Hicks notes. There was not that total lack of evidence of the fact that the plaintiff was a principal as would have justified the trial court in so declaring as a matter of law. Where there is any evidence, however slight it may be, and whether direct or inferential, it must go to the jury, who are the exclusive judges of its weight and sufficiency. *Twohey v. Fruin*, 96 Mo. 104; *Charles v. Patch*, 87 Mo. 450.

Hence, it follows, from these considerations, that the circuit court did not err in refusing to give the first and fifth instructions, asked by the plaintiff, which were in the nature of a demurrer to the evidence of the defendant, which tended to show the partnership relation between plaintiff and L. D. Short.

II.   The finding by the jury for the full amount of the defendant's counter-claim, by necessary implication, was a finding adversely on the cause of action stated in the plaintiff's petition. *Hoyle v. Ferguson*, 80 Mo. 378; *Schwaabs v. Woodburne & Co.*, 56 Mo. 176. And whether this is so or not, the parties, by stipulation, to which reference has been made, fully empowered the jury in returning one general verdict covering both causes of action, which precludes all complaint on this account by either party.

Discovering no error in the record, the judgment of the circuit court will be affirmed. All concur.