THE PROVO MANUFACTURING COMPANY, Respondent, v. O. S. SEVERANCE *et al.*, Appellants.

### Kansas City Court of Appeals, November 14, 1892.

Verdict: CERTAINTY: "DOLLARS." Verdicts are not required to be in any particular form: It is sufficient if they convey in unmistakable terms to the court just what the jury mean; and a verdict for 82.67 with interest at six per cent. from February 1, 1889,—total amount 90.85, is good, the word "dollars" being meant and understood.

*Appeal from the Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*C. Hammond & Son*, for appellants.

(1)  The verdict is not merely informal but substantially defective.  It expresses no sum of money whatever.  Even if the dollar sign had been prefixed to the figures it is doubtful whether it would be sufficient. That being omitted, and no word used to indicate a sum of money, it is wholly insufficient to support a judgment. 3 Graham & Waterman on New Trials, 1378, 1380–2; *Henly v. Arbuckle*, 13 Mo. 209; *Ramey v. Baker*, 48 Mo. 539; *Goodall v. Harrison*, 2 Mo. 124; *Stewart v. Felch*, 31 N. J. L. 17.  (2)  The statute requires, when a verdict shall be found for plaintiff in an action for the recovery of money, only the jury shall assess the amount of the recovery.  This verdict is simply a finding for the plaintiff, without specifying an amount of money. The court could not substitute a finding.  "The recognition of such a practice would open the door to innumerable errors and irregularities."  *Cates v. Nickell*, 42 Mo. 170; *Burghart v. Brown*, 60 Mo. 24.

*Virgil Conkling*, for respondent.

(1) The indebtedness was stated in the petition to be a sum of money shown in full by an itemized account filed therewith. The prayer was for judgment in a sum of money, and the answer was a denial that he owèd that sum of money, or any other sum. The issue as formed by the pleadings was concerning a sum of money. There was no possibility of the jury misunderstanding the matter in dispute. The instructions to the jury directed a verdict for $82.60. The verdict could not mean but one thing. (2) We must answer the appellants with the confident assertion that this verdict is certain and positive. It finds for the plaintiff for a definite principal, at a specific rate of interest, and in a specific total amount. It harbors no ambiguity, and there is certainly no substantial omission for the court to supply The meaning of this verdict is plain. (3) A court will always disregard verbal inaccuracies in a verdict, and will give judgment thereon in conformity with the real intention of the jury, if the meaning is sufficiently clear. *Acton v. Dooley*, 16 Mo. App. 441; *Rembaugh v. Phipps*, 75 Mo. 422; *Thames Co. v. Beville*, 100 Ind. 309; *Thayer v. Burger*, 100 Ind. 262; *Daniels v. McGinnis*, 97 Ind. 549. A verdict will not be held void merely because expressed in bad English, if it clearly manifests the intention and finding of the jury upon the issues submitted to them. *Snyder v. United States*, 112 U. S. 216; *Parks v. Turner*, 12 How. 39; *Lincoln v. Iron Co.*, 103 U. S. 512. (4) The sum total of appellants' objection to this verdict is that the jury neglected to prefix the dollar mark to the amount of their finding. *Coombs v. Crabtree*, 105 Mo. 292.

GILL, J.—Plaintiff sued the defendants for $82.67 on account of goods sold to an alleged copartnership

of O. S. Severance & Co. O. S. Severance made no defense, but A. R. Severance filed an answer containing a general denial, and specifically denying that he was a member of said firm. The cause was tried by a jury, who found for the plaintiff against said A. R. Severance and returned a verdict in this form:

"We, the jury, find for the plaintiff for the sum of 82.67 with interest at six per cent. from February 1, 1889— total amount 90.85.

"J. T. COBB,<br>"Foreman."

Upon this verdict the court entered judgment against defendants for $90.85, and defendant, A. R. Severance, appealed.

The only question presented here is whether or not the verdict was sufficiently specific in the amount awarded to justify the judgment. Defendants contend that the verdict does not fix any definite sum of money. It must be admitted, of course, that in an action under our code for the recovery of money the verdict, if for the plaintiff, should state the amount of recovery—the statute so directs, section 2166, Revised Statutes, 1889. And I think the verdict in this case, though somewhat informal, does sufficiently state the amount of recovery. Verdicts are not required to be in any particular form; it is sufficient if they convey in unmistakable terms to the court just what the jury meant to find. Hilliard on New Trials, sec. 19, p. 107; 2 Thompson on Trials, sec. 2644; *Thayer v. Burger*, 100 Ind. 265; *Thames Trust Co. v. Beville*, 100 Ind. 312; *Daniels v. McGinnis*, 97 Ind. 549, 554; *Snider v. United States*, 112 U. S. 216; McQuillin's Pleadings & Practice, sec. 810; *McCormick v. Hickey*, 24 Mo. App. 362; *Farley v. Pettis*, 5 Mo. App. 262; *Acton v. Dooley*, 16 Mo. App. 441; *Davenport v. Fulkerson*, 70 Mo. 417; *Muller v. Hospital Ass'n*, 73 Mo. 242.

Says Mr. Hilliard in his work on new trials: "With regard to verdicts in general, it is held that a verdict, however informal, is good if the court can understand it. Verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided unless from necessity." By an examination of all the authorities above cited, it will be seen that the courts regard a verdict sufficient when its meaning is plain. "A verdict will not be rejected on account of mere informalities or technical defects, if it can be understood by the court." *Daniels v. McGinnis, supra.* Now can there be any doubt as to the meaning of this verdict? The sum of 82.67 clearly means eighty-two and sixty-seven-hundredths dollars, and the gross sum (after adding six per cent. interest) of 90.85 must be intended as ninety dollars and eighty-five-hundredths of a dollar. It is the common and ordinary way of expressing sums of money.

The argument used in *Murrill v. Handy* (17 Mo. 307) is pertinent here. That was a suit on a promissory note, wherein the promise was to pay "the *sum of fifty-two and twenty-five-hundredths*, for value received." It was held that the word *dollars* was necessarily implied, and in the opinion this language is used: "If the words appearing on the note enable us to determine with certainty what word was omitted in writing the note, then the legal effect of the instrument is the same as if the word had been inserted. The defendant promised to pay *the sum*, and from these words, according to their ordinary signification, it is obvious, that the promise was to pay money. The money to be paid was of a denomination of which twenty-five-hundredths was a fraction There is no denomination of money in use in our country divisible in hundredths as a regular fraction except the dollar; certainly, as the contract was made here, the fraction employed in this

note shows beyond doubt or question that the word omitted was the word 'dollars.'" So in *Grant v. Botherton* (7 Mo. 458) the words "two thousand" in a forthcoming bond given in the attachment case were construed to mean two thousand *dollars*.

I cannot understand now if dollars shall be necessarily meant in cases of bonds and notes, why the same may not apply to a verdict. The same, if not greater, degree of certainty would seem required in the former as in the latter. That this verdict was capable of being understood, and was understood just as intended by the jury, seems clear.

Judgment affirmed. All concur.