HILL v. MEYER BROTHERS' DRUG COMPANY, *Appellant.*

### Division One, July 6, 1897.

1. **Pleading**: CONTRIBUTORY NEGLIGENCE: WAIVER. .Contributory neg-
ligence must be pleaded to admit evidence in support of it. But if
such evidence is offered and no objection is made to its admission,
the lack of such special plea is waived.

2. ———: GENERAL WAIVER. It is a fixed policy of Missouri practice
that parties litigant will be confined to the course of action they
have adopted throughout the trial, even though that course be incon-
sistent with the one indicated by the pleadings on file.

3. **Instructions**: ACTUAL KNOWLEDGE: ORDINARY CARE. Plaintiff was
injured by an explosion caused by putting potassium in a bucket of
water in obedience to an order from plaintiff. The court instructed
the jury that unless plaintiff knew of the dangers of putting potas-
sium into water he was not chargeable with negligence, and if he
did have such knowledge he could not recover. *Held*, to be errone-
ous because it wholly ignores the care required of a person of ordi-
nary prudence, *and* as requiring the defendant to prove actual
knowledge by plaintiff and not simply knowledge of such facts as
would naturally suggest the danger.

*Appeal from Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff* for appellant.

(1) An instruction which assumes the existence
of facts which are put in issue by the pleadings is
always erroneous. *Dulaney v. Refining Co.*, 42 Mo.
App. 659; *Dowling v. Allen*, 88 Mo. 293; *Peck v. Ritchey*,
66 Mo. 114; *Merritt v. Given*, 34 Mo. 98; *Matthews v.
Railroad*, 26 Mo. App. 75; *Siegrist v. Arnot*, 10 Mo.
App. 197; *Bank v. Crandall*, 87 Mo. 208; *Comer v.*

*Taylor,* 82 Mo. 341; *Wilkerson v. Thompson,* 82 Mo. 317; *Meriwether v. Railroad,* 45 Mo. App. 528; *Wilkerson v. Eilers,* 114 Mo. 245. (2) The second instruction assumes that plaintiff had in the past physical suffering, mental anguish, loss of sight, and deformity. And for these he asks compensation, and then it assumes that in the future he will undergo mental suffering, disfigurement, impaired vision and incapacity. And again he is to be compensated. (3) The elements of damage in this case should have been limited to the pain suffered, time lost, and permanent injury sustained. *Stephens v. Railroad,* 96 Mo. 207; *Schroeder v. Railroad,* 108 Mo. 322; *Jacquin v. Railroad,* 57 Mo. App. 320; *Ross v. Kansas City,* 48 Mo. App. 440; *Rosenkranz v. Railroad,* 108 Mo. 9; *Bigelow v. Railroad,* 48 Mo. App. 367. (4) The fourth instruction required proof of actual knowledge by plaintiff that this material was explosive, when proof of knowledge of facts which would naturally suggest it was sufficient. *Maupin v. Emmons,* 47 Mo. 304; *Boland v. Kansas City,* 32 Mo. App. 8; *Vaughn v. Tracy,* 22 Mo. 415; *Life Ins. Co. v. Smith,* 117 Mo. 261; *Roan v. Winn,* 93 Mo. 503; *Kitchen v. Railroad,* 69 Mo. 224. Notice is the means of knowledge. *Lee v. Turner,* 15 Mo. App. 205; Jaggard on Torts, 873, 874; *Bradwell v. Pittsburg, etc., Co.,* 153 Pa. St. 105; *Berg v. City of Milwaukee,* 83 Wis. 599.

*Thompson & Wilcox* for respondent.

(1) It is not error for an instruction to assume facts conceded or established at the trial by both parties. *State ex rel. v. Koontz,* 83 Mo. 332; *Davis v. Railroad,* 13 Mo. App. 460; *Mauerman v. Siemerts,* 71 Mo. 101; *Auchincloss v. Frank,* 17 Mo. App. 43; *Carroll v. Railroad,* 88 Mo. 248; *Fields v. Railroad,* 80

Mo. 206; *Fullerton v. Fordyce*, 121 Mo. 13; *Bank v. Hatch*, 98 Mo. 378; *Pope v. Railroad*, 99 Mo. 406; *Walker v. City of Kansas*, 99 Mo. 653; Sackett's Instructions to Juries [2 Ed. Rev.], p. 19, sec. 17. (2) The second instruction does not assume that plaintiff had endured either physical suffering, mental anguish, loss of sight, or deformity in the past nor that he would endure mental suffering, disfigurement, impaired vision, or incapacity in the future, but only that the jury should compensate him for such of these things as they believed from the evidence he had endured or would endure, thus obliging plaintiff to convince jury of the existence of these things as a prerequisite for compensation. *Bigelow v. Railroad*, 48 Mo. App. 373; *Haniford v. City of Kansas*, 103 Mo. 174; *Railroad v. Spanier*, 85 Ind. 171; 2 Thompson on Trials, p. 1482; *Du Laurens v. Railroad*, 15 Minn. 49, 58; *Brown v. Railroad*, 99 Mo. 377. (3) The amount of the verdict shows no harm was done appellant by instructions on measures of damages. *Sampson v. Railroad*, 57 Mo. App. 311; *McGowan v. St. Louis & Steele Co.*, 109 Mo. 518; *Blewett v. Railroad*, 72 Mo. 584; *Boettger v. Iron Co.*, 124 Mo. 105; *Schmitz v. Railroad*, 119 Mo. 279; *Weese v. Brown*, 102 Mo. 303. (4) The defense of contributory negligence can only be submitted when pleaded—or when established by plaintiff's own testimony so fully as to enable court to declare it as a matter of law. *Hudson v. Wabash*, 101 Mo. 29; *O'Connor v. Railroad*, 94 Mo. 155; *Donovan v. Railroad*, 89 Mo. 147, 150; *Schlereth v. Railroad*, 96 Mo. 509, 514; *Milburn v. Railroad*, 86 Mo. 104. (5) Defendants' last instruction covering the whole case was given without any modification as to the disputed issues. Clause number 1 was given verbatim. *Evans v. Kunze*, 128 Mo. 679; *Russell v. Ins. Co.*, 55 Mo. 594.

ROBINSON, J.—This is an action for damages predicated upon the following petition:

"Plaintiff by leave of court files its amended petition herein and says that the defendant is a corporation duly incorporated and engaged in the wholesale drug business at St. Louis, Missouri; that during the month of August, 1890, and for years prior and subsequent thereto, defendant was also engaged in said business at Kansas City, Missouri; that plaintiff on the —— day of August, 1890, was in the employ of said defendant as a shipping clerk in its liquor department at Kansas City, Missouri; that on said —— day of August, a certain chest containing certain chemical substances belonging to said defendant was in the possession of defendant at its place of business at said Kansas City, and was the property and under the control of said defendant; that said chest did not belong to said liquor department, nor did said plaintiff at the time or prior thereto have any knowledge of the contents of said chest, which fact was well known to defendant.    An explosion took place on said day in said chest, and the Kansas City fire department, being summoned by defendant, removed said chest into the street adjacent to the defendant's said place of business, where said chest was broken open and its contents scattered over the street.    Among the contents of said chest so scattered, as aforesaid, were large quantities of potassium and sodium, which substances are of such a nature that when put in contact with water or immersed therein, ignite and instantaneously explode.    Defendant well knew the aforesaid dangerous character of said substances, yet defendant, its agents and servants, carelessly directed and permitted plaintiff to pick up said sodium and potassium and put the same into a bucket of water and negligently failed to warn plaintiff of the dangerous nature of said potas-

sium and sodium, as aforesaid. Plaintiff had no knowledge of what said substances were or their aforesaid dangerous nature, as defendant well knew. Plaintiff at once proceeded to carry out such instruction of defendant, procured a bucket of water, picked up a piece of one of said substances, placed the same in said bucket of water, whereupon said substances exploded and struck plaintiff in the face and badly burned his face and eyes so that plaintiff was stricken down, caused intense anguish, pain and suffering, and ultimately the loss of the sight of his right eye, and was disfigured and maimed for life. Wherefore plaintiff prays judgment against defendant in the sum of twenty thousand dollars."

For answer to same, defendant filed a general denial. The case was tried by a jury under instructions and plaintiff got a verdict for $3,000, upon which in time a judgment was entered, and to reverse which this appeal is prosecuted. Several assignments of error have been made by appellant, but as the case is to be reversed and remanded for a new trial, we will notice only the one that seems to us to have been a substantial denial of defendant's rights, and fatal to the maintenance of plaintiff's judgment.

As noted above, defendant's answer was a general denial, and no formal plea of contributory negligence on part of plaintiff was made at any time during the entire progress of the trial, yet the defendant offered testimony tending to establish contributory negligence on part of plaintiff that was not objected to by plaintiff, and the plaintiff cross-questioned defendant's witness on the facts offered on that issue, and he in turn offered testimony tending to show that his injuries were caused without fault on his part. Not only did the defendant and plaintiff try the cause upon the theory that the question of plaintiff's contributory neg-

ligence was in issue; but the trial court so understood
the issue to have been made and joined and gave in-
structions upon that theory, and in so doing the plain-
tiff at the time made no objections thereto. Relying
upon the fact that the evidence of plaintiff's contribu-
tory negligence was before the jury without objection,
the defendant asked appropriate instructions embody-
ing the law on that question, all of which were
refused, and the court gave in lieu thereof the follow-
ing:

"Even though the jury should believe from the
evidence that Lynn directed the plaintiff to pick up the
contents of the box, and put the same in a bucket con-
taining water, without informing him of the explosive
character of portions of said material, yet if you fur-
ther believe that he was so informed by others, and
from such information you believe he had knowledge,
at the time he put the explosive chemical in water, that
the same was explosive and dangerous in water, and
that, notwithstanding such knowledge, he put the same
in the bucket of water, and was thereby injured, then
he can not recover."

Under these circumstances can defendant complain
of an instruction given by the court, that while attempt-
ing does not fully submit the defense of contributory
negligence?

While it is true, as contended by respondent, that
contributory negligence under our practice must be
pleaded to admit evidence in support of it, yet if such
evidence is offered and no objection is made to its ad-
mission, then the lack of such special plea may be con-
sidered as waived, and the case should be given to the
jury upon the theory on which it was tried, and as
understood and acted upon by the parties. Having
elected to adopt a certain course of action by and with
the approval of the trial court, neither party will now

be heard to say that it was not warranted by the written pleadings in the case. Nor will either be permitted to excuse an error made by the trial court in favor of the other in the adoption of the theory of the trial of the cause acquiesced in by that other.

This court as early as in the 49th Missouri Report in the case of *Henslee v. Cannefax et al.*, at page 295, held that if a defendant stood by and permitted the evidence of plaintiff to be heard without complaint upon the theory that a reply had been filed, he would not be permitted to assert the contrary at the close of the case, and ask by way of instruction that the allegations of new matter in the answer be declared as admitted from the beginning by the pleadings on file; and the same rule of practice has since been uniformly adhered to by this court, whenever the question has been raised, so that it can now be announced as the fixed policy of our practice that parties litigant will be confined to the course of action they have adopted throughout the progress of the trial, even though that action be inconsistent with the course to have been pursued as indicated by the pleadings on file.

If the issue of plaintiff's contributory negligence was then properly to be determined, on account of the issue made by the parties by the testimony offered notwithstanding the answer, was the law on that issue rightly declared by the court in the instruction as given by the court in lieu of those asked by defendant?

By this instruction the jury were practically told that unless plaintiff knew of the dangers of putting potassium into water, he was not chargeable with negligence, thus wholly ignoring the question whether plaintiff was acting as an ordinarily prudent man in view of the surrounding circumstances, and what was said to him just previous to the occurrence of the explosion that resulted in his injury. By it defendant

was required to make proof of actual knowledge by plaintiff that potassium placed in water was dangerous, when proof of knowledge of facts which would naturally suggest it, was all that the law requires. By it the jury were authorized to excuse plaintiff in failing to heed the warning that several witnesses say was given to him by shouts made in his presence (by saying as plaintiff did), that he did not hear them, when in fact they might have thought plaintiff should have heard their warnings. Also the jury were authorized by that instruction to relieve plaintiff from using his senses, and in failing to observe what several witnesses say was patent to everyone around him in the frequent and rapid explosions going on in the streets where plaintiff was at work when he received his injury, caused by the water thrown by the fire department upon the contents of the boxes of chemicals that had been thrown into the streets during the progress of the fire in defendant's building.

One's ignorance, or want of actual knowledge, of that which he ought to know, is no excuse for that which the law presumes he in common with men of reasonable prudence do know. The plaintiff could not close his eyes upon all that was going on around him, or turn a deaf ear to all the shouts of danger that went up from the mouth of the defendant's manager and the bystanders around him, and yet hold the defendant liable, because he did not actually see the danger or hear the warning. While all liability is predicated upon the idea of knowledge of the party to be affected, that knowledge may be and oftentimes is to be inferred from the existence of facts and circumstances that would convey information to a reasonably prudent person similarly situated. The instruction should have submitted the issue whether the plaintiff ought to have known the danger in which he was standing in view

of all the facts and circumstances and not have been confined to what he actually knew, as was done by the one given. The instruction was clearly erroneous, and we can not say that it was not prejudicial to the rights of defendant, and for that reason reverse the judgment of the trial court and remand the cause for a new trial. BARCLAY, P. J., MACFARLANE and BRACE, JJ., concur.