W. S. POPE, Respondent, v. RAMSEY & RAMSEY, Appellants.

Kansas City Court of Appeals, January 16, 1899.

1. **Evidence:** NUMBER OF TIES ON LAND: EXPERT: BEST EVIDENCE. Where the issue is the number of ties on a given tract of land, the testimony of practical men who have been over the land and counted the stumps and observed the laps is the best evidence of which the case seems susceptible and is not subject to the objection that it is opinion evidence.

2. **Verdict:** PASSING ON COUNTERCLAIM. Where the verdict is "for the plaintiff and against the defendant," the contention that there was no finding on the defendant's counterclaim is without merit.

3. **Pleading:** DEPARTURE: VERDICT BASED ON REPLY: PRACTICE. Parties litigant will be confined to the course of action they adopt throughout the trial, even though inconsistent with their pleadings, and a complaint that the verdict is based on the reply, which constituted a departure, will not be heard where no point was made on it during the trial or until in the motion for a new trial. The preceding points are affirmed with others on motion for rehearing.

*Appeal from the Gasconade Circuit Court.*—HON. R. HIRZEL, Judge.

AFFIRMED.

SILVER & BROWN for appellants.

(1)    The testimony of all the witnesses introduced by plaintiff to prove the number of ties cut from the land in controversy was too vague, uncertain and conjectural to constitute any evidence, and the court erred in admitting it over defendants' objections.    No measurements were made by any witness, and only small portions of the land were examined here and there.    The opinions were random guesses. Measurements of land and timber could have been made, and the case was easily susceptible of better evidence.    Murphy v. Murphy, 22 Mo. App. 24; Newmark v. Ins. Co., 30 Mo. 165, 166; Naughton v. Stagg, 4 Mo. App. 274, 275; Gerrans v. Mfg. Co., 51 Mo. App. 615; Ascher v. Schaeper, 25 Mo. App. 1.    (2)    The admission of testimony of the plaintiff himself that his estimates of the number of ties cut were not made altogether on his own judgment and personal knowledge, but on what other parties had sworn to in their depositions, was clearly erroneous.    The witness was not an expert and could not express an opinion on facts testified to by other witnesses.    Rogers on Expert Testimony, pp. 8, 9; Appleby v. Brock, 76 Mo. 314.    (3)    If it be admitted that the matter in controversy was a proper one for the admission of expert or opinion evidence, it did not appear that any of the witnesses for the plaintiff, except possibly Bernard and Henry Clark, were qualified as experts, or had sufficient knowledge or information of the matter to entitle them to give their opinion as non-expert witnesses.    Turner v. Haar, 114 Mo. 335; Mammerberg v. Railroad, 62 Mo. App. 566; Guffey v. Railroad, 53 Mo. App. 466; Benjamin v. Railroad, 50 Mo. App. 609; Gavisk v. Railroad, 49 Mo. 276, 277; Shoe Co. v. Bain, 46 Mo. App. 589; Gourley v. Railroad, 35 Mo. App. 92-96; Gates v. Railroad, 44 Mo. App. 488.    (4)    Certainly all plaintiff's witnesses, except the two Clarks, failed to qualify as experts, or to show them-

selves entitled to give their opinions as non-experts. Error in admitting the opinion of a non-expert witness is ground for reversal, although there may have been sufficient competent evidence to authorize the verdict. Koons v. Railroad, 65 Mo. 597; Muff v. Railroad, 22 Mo. App. 588, 589. (5) The verdict is erroneous and defective, in that it failed to make an affirmative finding on defendants' counterclaim. Henderson v. Davis, 1 Mo. App. Rep. 175; Henderson v. Davis, 74 Mo. App. 1. This objection to the verdict was raised by defendant in the motion in arrest of judgment, and it was the duty of the trial court to set it aside, and for its failure to do so, the judgment should be reversed. Henderson v. Davis, *supra;* Ring v. Glass Co., 44 Mo. App. 111. (6) The defendants' counterclaim stated a cause of action in their favor. Philipson v. Bates, 2 Mo. 116; Rollins v. Claybrook, 22 Mo. 405. He could not lawfully recover for more than the number in his petition, which, with interest, amounts to $526. The verdict was for $631, and was clearly excessive. Goetz v. Ambs, 22 Mo. 170. A reply can only respond to the new matter set up in the answer. It can not change or enlarge the character of the action stated in the petition, or the rights and remedies of the plaintiff. Boone on Code Pleading, sec. 104 and note 11.

J. C. KISKADDON for respondent.

(1) The witnesses were not introduced as, nor did they testify as, experts. They told what they knew, what they saw, and what the result of examinations made were, and how the examinations were made, and how they calculated. It was the very best evidence the nature of the case permitted. The court gave the jury in instruction 2, asked by appellants, full directions as to the weight and value of the evidence and how it was to be considered, and upon the whole was more favorable to them than it ought to

have been. The jury were not in need of expert testimony to enable them to arrive at a proper verdict. Greenwell v. Crow, 73 Mo. 639, 640; Elsner v. Lodge K. & L. of H., 98 Mo. 645; Eyerman v. Sheehan, 52 Mo. 221; Cooke v. Railroad, 57 Mo. App. 479; Straus v. Railway, 86 Mo. 421. (2) The second ground of complaint is "failure of the jury to make a finding on defendants' counterclaim." In the authorities cited by appellants, Henderson v. Davis, 1 Mo. App. Rep., and Ring v. Glass Co., 44 Mo. App. 111, there is nothing to sustain the contention here. The following authorities sustain the verdict: Hackworth v. Zeitinger, 48 Mo. App. 32; Mfg. Co. v. Severance, 51 Mo. App. 260; Taylor v. Short, 38 Mo. App. 21; Musser v. Adler, 86 Mo. 450. (3) As to other matters seemed to be raised on the pleadings, the following authorities are referred to: Crawford v. Spencer, 36 Mo. App. 83; Mfg. Co. v. Ball, 43 Mo. App. 511; Girard v. Car Wheel Co., 46 Mo. App. 91; R. S. 1889, sec. 2303. And no question was raised as to the sufficiency of the pleadings until after trial and verdict.

ELLISON, J.—In 1895 plaintiff was the owner of a large tract of timber land, the timber being suitable for making into railroad ties. In that year he contracted with one Temmen whereby he sold to him the ties at four cents per tie. Temmen advanced $300 in payment on STATEMENT.     the contract but after making a number of ties abandoned it. It was then agreed between plaintiff and defendants that the latter should take the place of Temmen in the contract aforesaid. Afterwards the timber on other lands was sold or contracted to the defendants. Defendants made a counterclaim in their answer. The judgment in the trial court was for plaintiff.

The principal, if not the only, contest in the trial court was as to what amount, if anything, did defendants owe the plaintiff, and this was made to depend on the number of ties

taken from the land. Defendants objected to plaintiff's mode of proof, contending that it was based on the opinion and conjecture of witnesses. This is the principal point for decision. Defendants say that plaintiff's witnesses were allowed to give opinions as to the number of ties taken when they were not experts. In other words, that they were permitted to testify as experts when they were not qualified.

In our opinion the criticism made on the character of the testimony in plaintiff's behalf is not borne out by the record. Opinions of witnesses were not asked or given on matters that had not come under their own observation. They were not asked to base an an opinion upon facts detailed by others. In the instances where some of them gave expression to the words "my opinion," it merely meant the estimate or calculation of the witness as to the number of ties taken off the different tracts embraced within the whole tract from which defendants cut ties, after having gone over the land and made their count.

EVIDENCE: number of ties on land: expert: best evidence.

Neither do we think the testimony was conjectural in the sense that it was any more indefinite and uncertain than the very nature of the case made necessary. This will be better understood by a moment's reflection on the character of the claim against defendants. The claim was not for articles of property which were or could be brought in view. The timber had been cut and manufactured into ties. The ties had been removed and the question was, how many? It seems to us that the very best evidence, of which the case was susceptible, was introduced by plaintiff. Witnesses who had been over the land and taken note of the size of the stumps and tops or laps of the trees which had been cut were introduced by plaintiff. They were enabled to fix definitely the number of trees. They could also, with practical or substantial accuracy, fix upon the length of the body

of a tree, it being the length of the distance between the stump and the top. Indeed it would not seem to be a matter of much conjecture for a practical man of common sense and observation, measuring the diameter of a stump and the distance from it to the top, to say, with substantial accuracy, the number of ties, of the kind described in testimony made from it. The record shows that some of those witnesses measured off an acre of the best timber and an acre of the worst and calculated the number of ties the timber on each would make. Others estimated by including a third acre of the medium timber and made their calculation and average of the different tracts. The result of their count or estimate, with the manner of making it, was given to the jury. We can not see what else could have been done.

It is contended by defendant in this connection, that plaintiff as a witness was permitted to make an estimate partly on what had been sworn to by others in depositions. But on inquiry from the trial court the plaintiff replied that what he said was from his own observation. Plaintiff testified that he had been dealing in ties and tie timber; that he had been over the land three times and had made his calculations and estimate by counting and measuring stumps, the length of the trees, etc., on different parts of the different tracts. This witness and others testified how they made the calculations and how they obtained the data upon which to base them.

It is among defendants' complaints set out in their brief that there was no finding on their counterclaim. The counterclaim consisted in an allegation of an advancement made to Temmen of $400 and that they had only taken ties amounting to $295.28 which left a balance in their favor of $104.72. The verdict of the jury was that they found the issues "for the plaintiff *and against the defendant*" and that plaintiff was entitled to recover "from defendants the sum

VERDICT: passing on counterclaim.

Pope v. Ramsey & Ramsey.

of $631 as a *balance* due to plaintiff on his tie contract." This, we think, was sufficient. Certainly there can be no doubt of what the jury meant to do. See Hockworth v. Zeitinger, 48 Mo. App. 32; Manufacturing Co. v. Severance, 51 Mo. App. 260; Taylor v. Short, 38 Mo. App. 21.

What has been said in relation to the evidence admitted over defendants' objection disposes of the point made on refused instruction number 5.

Complaint is made that the verdict is excessive and that it is based on the reply of plaintiff to defendants' amended answer which is claimed to be a departure from the petition. Conceding to defendants that after allowing a

PLEADING: departure: verdict based on reply: practice.

credit for money advanced by Temmens the verdict is for a greater sum than is justified by the petition disconnected from the reply, yet no point was made on the reply being a departure until the motion for a new trial. If the objection had been made at the proper time and the trial court had thought it well founded, plaintiff would have had an opportunity to amend his petition. Judge Robinson in speaking for the supreme court in Hill v. Drug Co., 140 Mo. 433, said: "It is the fixed policy of Missouri practice that parties litigant will be confined to the course of action they have adopted throughout the trial, even though that course be inconsistent with the one indicated by the pleadings on file."

A full examination of the record has failed to disclose anything to justify us in overturning the judgment and hence it will be affirmed. All concur.

## ON MOTION FOR REHEARING.

ELLISON, J.—We are asked to grant a rehearing in this cause. The reasons assigned and brief and argument in support are mainly a repetition of the original brief and oral argument. Evidently defendants regard the action of the jury in finding the verdict against them as unjust. But

with this we have no concern further than to see that it has legal testimony tending to support it, and that the instructions have been properly passed on by the court.

The trial court was amply supported in admitting the testimony of witnesses objected to, and which we discussed in the foregoing opinion, by Greenwell v. Crow, 73 Mo. 638; Elsner v. Sup. Lodge, 98 Mo. 645; Fitzgerald v. Hayward, 50 Mo. 517; Eyerman v. Sheehan, 52 Mo. 221; Strauss v. Railway, 86 Mo. 421; Franz v. Ireland, 66 Barb. 388.    The latter case involved the estimate of the contents of a tree by a witness who observed the size and appearance of the stump.

It is complained that we overlooked defendants' objections to the refusal of their instruction number 4. This was for the reason that defendants themselves abandoned it in their specific statement of "the points presented for review" and in their argument.

It is also complained that we overlooked objection made to testimony of what Stoney said to plaintiff.    The objection being that it was hearsay since Stoney's agency had ceased.    The record shows it had not ceased.

It is pointed out at length, that the testimony of different witnesses was inconsistent.    That they varied widely in their estimate or calculation of the number of ties taken. Such matter was proper argument for the jury and proper matter for the jury to consider in making up the verdict. It can find no place here.

It is now again urged, as it was in the brief at the hearing, that the verdict is in excess of the amount claimed in the petition.    That although the amount claimed in the reply with interest claimed will cover the verdict, yet the claim for that sum can not be made in the reply.    It seems that the reply was occasioned by new matter alleged in the answer including a counterclaim set up by defendants. Plaintiff seeks to justify his recovery of the amount claimed

in the reply by the cases of Mortland v. Holton, 44 Mo. 64, and Com. Co. v. Block, 130 Mo. 680. But, without going into that question, we deem it sufficient to dispose of the matter to repeat that the case was tried by both parties, without objection from either, on the issues presented by the reply. There was no suggestion of the nature now made until after the trial. It was then too late to affect the course of the action taken at the trial. It has been repeatedly held that, if no reply should be filed at all, and yet the trial be had without objection, an objection will not be afterwards entertained.

Defendants with a view of avoiding the well recognized rule in this state announced in the case of Hill v. Drug Co., 140 Mo. 433, which limits parties on appeal to the line of action adopted at the trial, claim they did object, by excepting to plaintiff's instruction where the court directed the allowance of interest (only claimed in the reply) to plaintiff if they found there was a balance due him over the counterclaim. This was not an objection to a trial on the reply. It was not so understood by defendants' counsel, for it finds first mention on the motion for rehearing. No objection to this instruction for plaintiff was made in "the points presented for review," nor is it mentioned or objected to in the brief and argument. It is certainly out of place to claim for the first time on a motion for rehearing that the mere exception to such instruction was an outline of defendants' policy at the trial on the question of pleading. The fact is that though a formal exception was made to giving plaintiff's instruction, yet it was tacitly abandoned here as no point was made on it. We have carefully gone over defendants' grounds of objection to the action of the court and jury and can not find that any substantial error has been committed materially affecting the merits of the controversy. We therefore overrule the motion. All concur.