TWOHEY, *Plaintiff in Error*, v. FRUIN *et al.*

1. **Civil Practice** : SUBMISSION OF EVIDENCE TO JURY. Where there is any evidence to sustain plaintiff's action, it must be submitted to the jury.

2. ———— : QUESTIONS OF LAW. Whether there is any evidence, or what is its legal effect, are matters to be decided by the court.

3. ———— : DEMURRER TO EVIDENCE. The court, in passing on a demurrer to the evidence, must make every inference of fact in favor of the party offering the evidence which the jury in passing on the case might properly have made.

4. **Question for Jury** : NEGLIGENCE. The evidence in this case examined and held that the trial court erred in refusing to leave to the jury the question whether defendant's agent was guilty of negligence in so exposing blasting powder to fire as to cause plaintiff's injuries.

*Appeal from St. Louis City Circuit Court.*—Hon. Elmer B. Adams, Judge.

Reversed and remanded.

*Edward Cunningham* and *A. R. Taylor* for plaintiff in error

(1) The circuit court erred in taking the case from the jury. The evidence of plaintiff tends to sustain the cause of action alleged in the petition. (2) If it be held that, as to this case, White was a fellow-servant with plaintiff, there was evidence tending to show that he was ignorant and incompetent for the work of blasting assigned him, and in doing which he hurt the plaintiff. The fact, well established by the evidence, that White was, and for a long time had been, in the habit of placing giant powder over a fire for the purpose of thawing it, and that neither of the witnesses ever knew that to be done by any other person tends to show that defendants were, or, by the use of reasonable care, would have been, aware of White's incompetency and ignorance. (3) If White was not a fellow-servant but a vice-principal, the facts proved establish defendant's liability. *Moore v. Railroad*, 85 Mo. 588 ; *McDermott v. Railroad*, 87 Mo. 285; *Whalen v. Church*, 62 Mo· 328 ; *Long v. Railroad*, 65 Mo. 225.

*H. D. Wood* for defendants in error.

The action of the court in non-suiting plaintiff was proper. The gist of the cause of action is that one White, an alleged foreman of defendants, negligently placed a vessel containing blasting powder upon a fire, thereby causing an explosion. The plaintiff failed to show either that White placed the vessel containing the powder upon a fire, or that said vessel was on a fire at

the time of the explosion. *Powell v. Railroad*, 76 Mo. 834; *Com'rs v. Clark*, 94 U. S. 284; *Ely v. Railroad*, 77 Mo. 34; *Waldhier v. Railroad*, 71 Mo. 514. When the petition alleges a specific act of negligence as the ground of plaintiff's action, there can be no recovery for any other act. *Price v. Railroad*, 72 Mo. 414; *Edens v. Railroad*, 72 Mo. 212. The plaintiff cannot recover because his own evidence shows he knew of White's negligent method of thawing powder, and with such knowledge remained in his employment. *McDermott v. Railroad*, 87 Mo. 298; *Keegan v. Kavanaugh*, 62 Mo. 232; *Devitt v. Railroad*, 56 Mo. 302.

RAY, J.—This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff in consequence of the negligence of defendants.

For cause of action the petition alleges that defendants were engaged in the work of excavating a certain cut on the line of the Missouri Pacific railway in St. Louis county; that one Alexander White was the agent and foreman of the defendants, having charge of the men in their employ, in digging and blasting earth and stone along the cut; that plaintiff was one of the men working in said cut and under the control of said foreman, and that while he was working under said White, he was injured by the careless, negligent and reckless act of said White in placing a vessel or can, containing blasting powder on and upon a large fire of burning wood, in consequence and by reason whereof said powder took fire and exploded, inflicting upon plaintiff the injury for which he sues.        •

On the trial, after the close of plaintiff's evidence, the court sustained a demurrer to the evidence and judgment was rendered for defendants, from which plaintiff has prosecuted his writ of error, and the only question presented by the record is, was there any evidence tending to establish plaintiff's cause of action. The only cause of action alleged is that plaintiff was

injured by the negligence of White in placing said vessel containing said powder in and upon said fire, whereby it took fire and exploded and injured him.

Three witnesses were examined touching the point, the plaintiff being one of them, and in his evidence he stated that, whether the cans were over the fire or close up to the fire witness could not state ; who put the cans there witness could not state ; but witness had seen White putting giant powder into the cans ; "I do not know whether the can in which the powder was was on the fire or close to it ; I did not see White put the powder into the can at this time ; I saw him put it there at other times."

Christopher Donnelly, another witness, testified that when the powder exploded the can containing it was on the ground five or six feet away from the fire ; he says the can was on the fire a couple of minutes ; he does not know who took it off, but supposes White did ; saw him put it on ; that "about a half hour after I saw him put it on, I saw it standing five or six feet from the fire ; when the explosion occurred the can containing the water and the can containing the powder were not on the fire." Elsewhere this witness also said : "I was shoveling into a wagon, and when I raised up the shovel I saw the blaze ; it might be a couple of feet high above the can ; it was the powder that was blazing up—giant powder they call it ; I had seen the can there a short time before, exactly how long I cannot say ; * * * I had seen giant powder thawed out before ; I saw John Scanlan thaw it out ; he boiled the water, took it away from the fire, put the giant powder into it till it got soft ; I never saw anybody but Alexander White set powder on fire ; * * * the can of powder, when it was blazing, was not on the fire ; * * * the can had been on the fire with another can before it was taken off ; how long before that I cannot say ; I saw the powder blazing right across from me ; the fire was made partly of old railroad ties, some pine to start it with ; I cannot say

whether the wood was blazing or not; when I saw the blaze it was at the powder can; the powder can was on the ground; I cannot say exactly how far from the fire the can was; I guess about five or six feet; there was not much wind; I did not notice whether the fire was blazing; after seeing the blaze I saw it explode in a short time; * * * the can had been on the fire with another can before it was taken off; how long before that I cannot say."

The only other witness was Joseph Doyle, and he testified : "I do not know who put the cans on the fire; I do not know who put the powder on the fire at the time of the explosion; would not swear positively that the powder was on the fire at the time of the explosion." In answer to the question, "Who put these cans on that fire?" he said, "I don't know, sir, who put them on it; I never seen White put them on to my knowledge, nor no other body." He was asked, "do you swear that the powder was over the fire at the time of the explosion?" to which he answered, "that is more than I can tell you; I did not see it on the fire; I seen it blazing pretty close to the fire." He was asked, "did you not swear that these cans were on the fire at the time the powder was burning?" and answered, "no sir; I did not." Elsewhere, in his testimony, this witness uses this language : "The explosion was of number one Atlas powder; the powder was on the fire thawing the frost out; * * * the powder was in a black can; there was another can under it with boiling water in it, and the steam from the boiling water was to thaw out the giant powder in the other can on top of the boiling water; there was no top on the top can; the can that had the boiling water in it was set right on the burning coals; I do not know who put the cans on the fire; this was the tenth of January; * * * this giant powder is put up in sticks about eight inches long and one and a half inches in diameter; it freezes in cold weather, and

Twohey v. Fruin.

is never used when it is frozen; each one has his own way of thawing out the powder, but it is not customary to thaw it as Mr. White did; I never saw it done that way before; I have seen White thaw it that way before that; sometimes he would heat the water, remove it from the fire and set the powder over it, and sometimes he would have the giant powder right on top of the can of boiling water on top of the fire; he never had it far from the fire; just how he did it at the time of the explosion I cannot say, but I saw the powder, the boiling water all on the fire at one time." Elsewhere he said: "I saw the powder when it first blazed up; it exploded about two or three seconds after it blazed up, as near as I can judge."

We have set out at considerable length the substance of the plaintiff's evidence touching this point, and the only question, as before stated, is whether the court erred in sustaining defendants' demurrer to plaintiff's evidence upon the state of the record above set forth. The current of authority in this state is, we think, abundant to the effect that if there is any evidence, however slight it may be, and whether direct or inferential, it must go to the jury, who are the exclusive judges of its weight and sufficiency. 1 and 2 Pattison's Mo. Digest., paragraphs 77 and 78, at page 322 and cas. cit.; *Charles v. Patch*, 87 Mo. 450, and cas. cit. It is conceded that whether there is any evidence, or what its legal effect may be, is to be declared by the court. *Callahan v. Warne*, 40 Mo. 131.

In the case of *Buesching v. St. Louis Gaslight Co.*, 73 Mo. 231, the court uses this language: "In passing upon a demurrer to the evidence the court is required to make every inference of fact in favor of the party offering the evidence, which a jury might, with any degree of propriety, have inferred in his favor, and if, when viewed in this light, it is insufficient to support a verdict in his favor, the demurrer should be sustained.

*Wilson v. Board of Education*, 63 Mo. 137. But the court is not at liberty in passing on such demurrer to make inferences of fact in favor of the defendant, to countervail or overthrow either presumptions of law or inferences of fact in favor of the plaintiff; that would clearly be usurping the province of the jury."

Tried by these authorities and viewing the evidence presented by the record in the case at bar, we are of opinion that the trial court could not properly tell the jury that there was no evidence tending to support the plaintiff's said cause of action, and, so believing, we think the court erred in sustaining defendants' demurrer to plaintiff's evidence.

It may be conceded that the can containing the powder was not sitting on the fire at the time of the explosion; that it had been removed and set on the ground before the explosion, but just how far or how long does not clearly appear. On these points the evidence is somewhat uncertain and conflicting. Just how long the cans were suffered to remain on the burning fire before they were removed does not clearly appear, but it is to be inferred that they remained there a sufficient length of time to bring the water to a boil before they were removed and set on the ground near by, some of the witnesses saying, "I could not swear positively that the powder was on the fire; I saw it blazing on the fire, or pretty close to the fire, but I could not tell which;" another witness saying that "When I saw the blaze it was at the powder can; the powder can was on the ground; I cannot say exactly how far from the fire the can was; I guess about five or six feet."

It is in evidence that the powder can had no covering on its top; that it was customary in thawing out frozen giant powder to place the can containing the water on the fire, and when it came to a boil remove it and place it on the ground, and put the can containing the frozen powder on top of it, so that the steam from the boiling water might thaw out the frozen powder, but

that White on this occasion put the can of water on the fire and set the can of powder on top of it, right over the fire, the witnesses saying they had seen frozen giant powder thawed out before, but never saw it done in the manner White did it on this occasion ; that White sometimes heated the water and removed the can before putting the powder can on top of it, and at other times did it as on this occasion ; that they never saw anybody but White do it that way.

Conceding, as before stated, that the powder can was not on the fire at the moment of its explosion, it does not necessarily follow therefrom that its ignition was not caused in consequence and by reason of its having been placed on the fire. Fire may have been communicated to the thawing powder in the open top of the can by means of sparks or otherwise while on the fire and remained in a dormant state until it was removed and set on the ground near by and then blazed up as described, causing the explosion and the plaintiff's injury. Under the evidence and the authorities we are of opinion, as before stated, that it should have been left for the jury to say whether White was guilty of negligence in the premises, causing the plaintiff's injuries complained of.

For these reasons the judgment of the trial court is reversed and the cause remanded, in which the other judges concur.