## THE FOURTH NATIONAL BANK OF WICHITA, KANSAS, Respondent, v. GEORGE H. BLACKWELDER, Appellant.

### St. Louis Court of Appeals, November 14, 1899.

1. **Collateral Security:** PROMISSORY NOTE: HOLDER THEREOF: DILIGENCE IN COLLECTING COLLATERAL. A bank owning a promissory note secured by another promissory note as collateral, is required to exercise as to the security, such diligence for its protection as an ordinarily prudent business man would exercise in his own business under like circumstances.

2. ———: ———: ———: SUIT UNNECESSARY WHEN. The law does not require the doing of a useless thing, nor charge negligence against one for having omitted to oring a suit on insolvent or barred collateral.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

AFFIRMED.

*B. O. Davidson* and *Daniel G. Taylor* for appellant.

(1) A demurrer to the evidence admits the fact that the evidence tends to prove; and where there is any evidence, however slight it may be, and whether direct or inferential, it must go to the jury, who are the exclusive judges of its weight and sufficiency. Rine v. Railroad, 100 Mo. 228; Donohoe v. Railway, 91 Mo. 357; George v. Railway, 40 Mo. App. 433; Taylor v. Short, 38 Mo. App. 21; Damhorst v. Railway, 32 Mo. App. 350. (2) It is the duty of the pledgee to take active steps to enforce the collection of a note held by him as collateral security, or to return the note to the pledgor, and if he sits supinely by, and lets the note be lost by operation of the statute of limitations, he is liable for the value of the note. Bank v. O'Connell, 84 Ia. 377; Kennedy v. Rozier, 71 Ia. 617; Mansur-Tebbetts v. Carey, 45 S. W. Rep. 120; Semple v. Dedtwiler, 30 Kan. 386; Bank v. Thompson, 71 Fed. Rep. 113; McQueen's Appeal, 114 Pa. St. 595; McLemore v. Hawkins, 46 Miss. 715; Lamberton v. Windon, 12 Minn. 151.

*C. Reed* and *T. T. Fauntleroy* for respondent.

(1) Where there is an entire absence of evidence to support the claim relied upon, there is nothing for the jury to consider, and the court may direct the verdict. Dunham v. Joyce, 129 Mo. 5. (2) It is the duty of the trial court to direct the jury to find a verdict where the undisputed facts show no liability to have been incurred, although there is some evidence which might justify the court in submitting the case to jury. Powell v. Railroad, 76 Mo. 83; Jackson v. Hardin, 83 Mo. 186; Hiltz v. Railroad, 101 Mo. 36; Reichen-

bach v. Ellerbe, 115 Mo. 588; Hite v. Railway, 130 Mo. 141.. (3)    Pledgee is bound only to use reasonable diligence in the collection of collateral.    Wells & Dewing v. Wells & Scribner, 53 Vt. 1; Reeves v. Plough, 41 Ind. 204; Kiser v. Ruddick, 8 Blackford (Ind.), 382; Lenore v. Hawkins, 46 Miss. 715; Lamberton v. Windom, 12 Minn. 241-248; Lee v. Baldwin, 10 Ga. 208.    (4)    The burden of proof is upon the debtor to show that the creditor has by his negligence occasioned loss to debtor.    Plant's Mfg. Co. v. Falvey, 20 Wis. 200-1; Barnes v. Bradley, 56 Ark. 105; Murphy v. Bartsch, 23 Pac. Rep. 83; Reeves v. Plough, 41 Ind. 208. (5)    Pledgor not entitled to return of collateral until payment of principal or tender thereof.    Smith v. Felton, 85 Ind. 224; Marschuetz v. Wright, 50 Wis. 175; Jenkins v. Bank, 111 Ill. 462.    (6)    Pledgee not required to sue on uncollectable debt.    Clark v. Young & Co., 1 Cranch, 190; Smith v. Felton, 85 Ind. 226.    (7)    Pledgee not liable for loss of collateral, unless the same could have been collected by ordinary and reasonable diligence, and this is true, although the statute of limitations may have run against the collateral while in possession of pledgee.    Mfg. Co. v. Dedtwiler, 30 Kan. 386; Lamberton v. Windom, 18 Minn. 515.

BLAND, J.—The home of plaintiff is Wichita, Kansas, of the defendant, St. Louis, Mo.    The suit is on a promissory note dated June 22, 1895, for $1,206.40, due January 1, 1896, payable to the order of plaintiff and signed by the defendant.    The defense relied on is that plaintiff permitted certain promissory notes deposited with it by defendant as collateral security for the note sued on to become barred by statute of limitations while in plaintiff's possession.    The cause was tried by jury.    At the close, of all the testimony the court gave the following instruction:    "The court instructs the jury, under the evidence and pleadings in this case, the verdict must be for plaintiff for the amount sued for in the petition, which is $1,206.40, with ten (10)

per cent interest thereon from January 1, 1896." The jury under this instruction returned a verdict in favor of plaintiff for $1,554.79. After an unavailing motion for new trial defendant appealed.

The evidence on the part of plaintiff is, that in February, 1890, the plaintiff held defendant's note for $2,000. To secure this indebtedness defendant delivered to plaintiff certain promissory notes aggregating $2,150.10, signed by F. W. Stover and Ellen Stover, both residents of Wichita, Kansas. F. W. Stover paid plaintiff $1,050.10, and credit was given therefor to the defendant. After this payment one collateral note for $1,100 remained in the hands of plaintiff; this note was never paid, and on the trial plaintiff produced it in court and offered to deliver it to the defendant. Defendant testified that at the time he delivered this note to plaintiff he directed its officers to collect it and apply the proceeds to the payment of his note. The president of the bank testified that nothing was said about collecting the note, that the instructions were that when the parties paid anything, to apply it to defendant's note. No suit was ever brought by the bank to collect the collateral note, and it became barred by the statute of limitations on October 3, 1898. Ellen Stover was the wife of F. W. Stover; the latter died Sept. 7, 1894, and was shown to be insolvent at the date of his death, but left an insurance policy in favor of his wife for $2,000. It appears that the collateral notes were secured by a second mortgage on 160 acres of land in Harper county, Kansas, given by Stover and wife. In January, 1896, suit was brought to foreclose the first mortgage and the plaintiff and defendant herein were made parties defendant. Plaintiff mailed a copy of the summons to defendant, properly addressed. Plaintiff's officers examined the land conveyed by the mortgages, and had its attorney at Wichita to look into the matter; the conclusion reached by the plaintiff's officers and attorney was that the equity of the second mortgage was worthless. The testimony further shows that

the first mortgage was for $2,200, and that Stover was unable to pay either the principal or interest. The testimony further tended to show that Stover after making the collateral note had nothing and thereafter lived with his son until his death. On January 5, 1894, the defendant wrote the plaintiff not to push or sue on the collateral note, but to give owner of the land (one Koelling), a chance to pay the mortgage, saying, "I don't believe there is any quicker way nor as sure a way to get it as to keep Koelling feeling that he can save the farm by keeping up the interest and taxes." In reply to plaintiff's letter transmitting summons in the foreclosure suit, the defendant made no requests or suggestions about that suit, but promised to pay the note as soon as possible. Until 1892 or 1893, the defendant resided in Wichita. The contention of defendant is, that it was the duty of the plaintiff to have sued on the collateral note before it was barred by the statute of limitations, and having failed to do this the loss of the note should fall on it. Unquestionably it was the duty of plaintiff to exercise diligence to protect the note (Bank v. Thompson, 71 Fed. Rep. 113; Hanna v. Holton, 78 Pa. St. 334), and to have brought suit, if by a suit the security could have been collected; but it was not its duty to incur the expense of a suit, if the makers of the note were insolvent. The bank was only required to exercise, as to the security, such diligence for its protection as an ordinary prudent business man would exercise with his own in like circumstances. The evidence shows that a suit would have been wholly unavailing on account of the insolvency of the makers of the note. The law does not require the doing of a useless thing, nor charge negligence to one for having omitted the doing of a useless thing. The burden was on the defendant to show affirmatively that the makers of the note were solvent, and that a suit against them would have protected the security. Mansur-Tebbetts v. Carey, 45 S. W. Rep. 120. No such showing was made; the

defense therefore failed for want of evidence in its support, and it was the duty of the court to instruct the jury to find for plaintiff. Hite v. Railway, 130 Mo. 141; Reichenbach v. Ellerbe, 96 Mo. 104; Hilz v. Railway, 101 Mo. 36.

The judgment is affirmed. All concur.