JERRY HAWORTH, Respondent, v. MINERAL BELT TELEPHONE COMPANY, Appellant.

### Kansas City Court of Appeals, March 7, 1904.

1. **MASTER AND SERVANT:** Negligence: Sending Servant Amid Live Wires. On review of the evidence it is held sufficient to send to the jury the question whether the defendant was negligent in sending its servant up a telephone pole amid live wires with the assurance that they were insulated when in fact they were not.

2. ——: ——: Master's Assurance. Though the servant knew there were live wires, the statement of his foreman that everything was safe and the order to go up the pole was an assurance that the wires were in the proper condition.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*Walden & Andrews* and *J. W. Halliburton* for appellant.

(1) There was no evidence to warrant the submission of the case to the jury and the court should have given the peremptory instructions asked by the defendant. Electric Illuminating Co. v. Patt, Admx., 84 Va. 747. (2) The defect, if any, was as clear and obvious to plaintiff as to defendant, and no negligence can be predicated thereon. Berning v. Medart, 56 Mo. App. 443; Fugler v. Bothe, 117 Mo. 475; Albridge, Admr., v. Furnace Co., 78 Mo. 559; Watson v. Coal Co. 52 Mo. App. 366; Wray v. South W. E. L. & P. Co., 68 Mo. App. 380; Halliburton v. Railroad, 58 Mo. App. 27; Warner v. Railroad, 62 Mo. App. 184; Junior v. Elec. Light Co., 127 Mo. 79. (3) The burden of

proof is on plaintiff to show that his injuries were caused by the alleged absence of insulation on the live wire at the lightning connecter. A careful scrutiny of the record discloses no substantial evidence to prove this fact. The evidence must be of a character to remove the question from the domain of mere conjecture. Junior v. Electric Light Co., 127 Mo. 79; Bren v. Cooperage Co., 50 Mo. App. 202; Glick v. Railroad, 57 Mo. App. 97; Hyde v. Railroad, 110 Mo. 272; Peck v. Railroad, 31 Mo. App. 123; Hite v. Railroad, 130 Mo. App. 132. (4) Where one knowingly places himself or his property in danger, the presumption is, that he *ipso facto* assumes all the risk to be reasonably apprehended from such course of conduct. Carroll v. Tel. Co., 107 Mo. 653; O'Donnell v. Patton, 117 Mo. 13; Thompson v. Railroad, 86 Mo. App. 148. (5) A servant assumes all risks from the defective appliances of which he knew or which were so obvious as not to escape the observation of an ordinarily prudent person. Moore v. Wire Mill Co., 55 Mo. App. 491; Stalzer v. Packing Co., 84 Mo. App. 565; Sullivan v. Mfg. Co., 113 Mass. 396; Thompson v. Railroad, 86 Mo. App. 141; Klein v. Shoe Co., 91 Mo. App. 102; Kaminski v. Iron Works, 167 Mo. 462; Shearman & Redfield on Negligence, sec. 219, (5 Ed.); Telegraph Co. v. McMullen, 58 N. J. L. 155, 33 Atl. 384, 6 Am. Ed. 338; Keasby on Electric Wires, 257, (2 Ed.); Junior v. Elec. L. & P. Co., 127 Mo. 79; Keasby on Electric Wires (2 Ed.), sec. 262; Giraudi v. Electric Improv. Co., 107 Cal. 120, 40 Pac. 108, 5 Am. Elec. 318; Piedmont Elec. Illum. Co. v. Patterson, Admx., 85 Va. 747, 6 S. E. 4, 2 Am. El. 350.

*Thomas & Hackney* for respondent.

(1) The plaintiff's evidence made out a prima facie case. It was the province of the jury to determine from the facts in evidence whether defendant's act of negligence was the proximate cause of plaintiff's injury.

Chambers v. Chester, 172 Mo. 461; Twohey v. Fruin, 96 Mo. 104; Dunn v. Railroad, 21 Mo. App. 198; 1 Shearman & Redf. on Neg. (5 Ed.), secs. 54-55, pp. 64-67; 1 Thompson Com. on Neg., sec. 161; Buswell on Pers. Inj., sec. 98, p. 156. (2) It was conceded on the trial that the live wires on the pole, which plaintiff was required to climb, were dangerous if uninsulated; that they carried such a high voltage as to endanger the life of a person working on the pole if he came in contact with them. (3) It was shown by the plaintiff's testimony that the foreman ordered him to ascend the pole and do this work and did not notify him of the presence of the live wires nor of their uninsulated condition; and the finding of the jury in plaintiff's favor on that issue, eliminates that question from this appeal. (4) The plaintiff did not assume the risk of injury from contact with uninsulated live wires. The mere direction of defendant's foreman to ascend the pole and do the work assigned to him was an assurance that the place where plaintiff was required to work was reasonably safe. Bane v. Irwin, 172 Mo. 316. (5) While plaintiff might be held to have assumed the risk of injury by puncturing the insulation on the live wire had he known of its presence, he did not assume the risk of the increased danger caused by defendant's negligence in removing and failing to replace the insulation on the live wires at the point where he was injured. Chambers v. Chester, 172 Mo. 461.

ELLISON, J.—Plaintiff was an employee of the defendant telephone company. He was injured while engaged in assisting in stringing some additional wires on the poles of the company. He brought this action for damages and obtained judgment in the trial court.

The objection to the judgment refers principally to the right of plaintiff to recover under the evidence. Since the verdict was for the plaintiff we will state in substance what the evidence in his behalf tended to

prove. He, and some others, were in defendant's employ under the direction of one Watson. They were stringing wires connecting some strawberry beds in the suburbs of the city with the main exchange office, and in endeavoring to get there from a pole down into the office, it became necessary for some one to climb the pole to the height of about twenty feet from the ground and manipulate the wire from that position. Plaintiff knew there were "live wires" on the pole, but Watson directed him to go up and do the work, at the same time assuring him that the wires were insulated and were safe. Plaintiff was equipped with climbers, that is, with steel straps fastened around his legs and sharp spurs at the side of his feet. He climbed the pole and in endeavoring to adjust the wire, he, in some way, came in contact with a live or charged wire, which instantly knocked him from his hold and footing on the pole to the ground, whereby he was greatly injured. It does not appear definitely, however, how he came to come in contact with the wire. Defendant's theory is that he cut into one of the charged wires with the steel spur on his foot. But the theory in his behalf is, and there was evidence tending to support it, that prior to this time the defendant had had the insulation of two of these wires stripped off for a short space within six inches of the pole and that his foot or leg came in contact with the wire at that place. The employee who stripped off the insulation asked the foreman at the time if it should not be replaced and he was told to leave it exposed until they had more time. This was several days prior to the injury, but there was further evidence tending to show that the wires were left in such exposed condition until after plaintiff was hurt. It was shown that Watson stated that he was sorry he had not told plaintiff "about those uninsulated live wires."

It is quite certain that if the story leading up to the injury and the manner it was brought about, as told by plaintiff and his witnesses, is to be believed, but one re-

sult could follow and that is the result reached by the judgment in the trial court. It was for the jury to say whether matters detailed by plaintiff and his witnesses were true and whether the negligence thus shown against defendant was the proximate cause of the injury. Chambers v. Chester, 172 Mo. 461; Twohey v. Fruin, 96 Mo. 104; Dunn v. Railroad, 21 Mo. App. 198; 1 Shearman & Redfield on Neg. (5 Ed.), pp. 64-67; 1 Thompson Com. on Neg., sec. 161; Buswell on Personal Inj., sec. 98, p. 156.

We do not object to the general statements of the law of what knowledge and acts of plaintiff would throw upon himself the consequences of his conduct in defendant's service; but they are not opposed to the view that the facts as shown in his behalf made a case against defendant. Though plaintiff knew that there were live or charged wires on the pole, he did not know that they had been left stripped of insulation. And the statement of his foreman that everything was safe and the order to him to go up the pole was an assurance that the wires were in proper condition. The law is so laid down in Bane v. Irwin, 172 Mo. 306-316.

It follows that the judgment should be affirmed. All concur.