MARY W. SLATER, Respondent, v. SUPREME LODGE KNIGHTS AND LADIES OF HONOR, Appellant.

St. Louis Court of Appeals, November 1, 1898.

1. Action of Lodge: EXPULSION OF MEMBER. The plaintiff had a property interest in the defendant order. To validate its action in terminating her partnership, it was essential that the Lodge or Order should comply with its own laws and regulations on the subject of expulsion of members.

2. Same: JUDGMENT OF EXPULSION VOID. When the proceedings conducted by defendant are materially defective, both as to notice and as to an investigation of the facts, in the absence of plaintiff, its judgment is void, and plaintiff by disaffirming the action of the order was entitled to institute the present suit without first having prosecuted an appeal to the higher judicatories within the order.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

DAISY D. BARBEE for respondent.

The circuit court has jurisdiction when the action of the lodge is irregular and void. Mulroy v. Knights of Honor, 28 Mo. App. 463; Hoeffner v. Grand Lodge, 41 Mo. App. 357; Glardon v. Supreme Lodge, 50 Mo. App. 45; Labouchere v. Earl of Wharnscliffe, 13 Ch. Div. 346. The lodge must have jurisdiction or the obligation to appeal is not enforced. Hall v. Supreme Lodge Knights of Honor, 24 Fed. Rep. 450; Hoeffner v. Grand Lodge, 41 Mo. App. 357; Mulroy v. Knights of Honor, 28 Mo. App. 463; McMahon v. Supreme Council, 54 Mo. App. 468. No order can by provisions in its constitution or laws deprive a member of the right to resort to a court of law to enforce his rights. Bauer v. Sampson Lodge, 102 Ind. 262; Supreme Council v. Carrigus, 104 Ind. 133; Railway Conductors Ass'n v. Robinson, 147 Ill. 138; Railway Conductors Ass'n v. Tucker, 157 Ill. 194. Damages may be recovered for a breach of a contract of insurance. Smith v. Ins. Co., 64 Mo. 330; Ludowiski v. Ben. Society, 29 Mo. App. 337; Suess v. Ins. Co., 64 Mo. App. 1; Hancock v. Ins. Co., 2 Ins. Law, 903; Lovell v. Ins. Co., 111 U. S. Rep. 264.

FRANK M. ESTES for appellant.

The circuit court had no jurisdiction. Gray v. Society, 139 Mass. 329; Mulroy v. Knights of Honor, 28 App. 469; Karcher v. Supreme Lodge, 137 Mass. 368; Peyre v. Relief Society, 90 Cal. 240. The trial before the lodge was regular and can not be attacked

collaterally in the courts. Burke v. Grand Lodge, 44 Mich. 208; Robinson v. Lodge, 86 Ill. 598; Otto v. Tailors' Union, 75 Cal. 308; Society v. Van Dyke, 30 Am. Dec. 263. Respondent was bound by the laws of the Order and her appeal was too late. Ben. Society v. Berford, 70 Pa. St. 321; Grand Lodge v. Elsner, 26 Mo. App. 108; Coleman v. Knights of Honor, 18 Mo. App. 189; Harvey v. Grand Lodge, 50 Mo. App. 472; Commonwealth v. Society, 8 Watts & S. 247; Bauer v. Lodge, 102 Ind. 262; Phista v. Gerwig, 122 Ind. 267.

BOND, J.—This action is for damages for an alleged wrongful expulsion of the plaintiff from membership in the defendant order, which is a benevolent association engaged in providing funds for sick and distressed members, and also mortuary funds for appointees of its members. The defense is that plaintiff, after due notice of charges of fraudulently obtaining money for sick benefits, made no defense to such charges and was properly expelled. On the trial plaintiff had judgment for the amount of assessments paid on a benefit certificate issued on her life. Defendant appealed and assigns for error that the circuit court had no jurisdiction, in that plaintiff was not shown to have exhausted her rights to redress within the order before instituting the present suit.

The laws of the order constitute a part of the contract between it and its members. They provide for a copy of the charges against an accused member and a citation, if the member lives in a "distant town or place," to appear within twenty days at a second meeting of the order and make answer to the charges preferred; that upon conviction the lodge may either suspend or expel the member; that in case the accused fails to appear, but has not absconded, no trial shall

be had in his or her absence, but he or she may be expelled for contempt. The facts in this case show that plaintiff was not present at the time of the trial and that she had not absconded. They also show that she did not receive twenty days' notice of the time and place of trial. The evidence tends to show that she only received about six days' notice of the time finally fixed for a hearing of the charges. The answer admits that she was expelled after an *investigation* of the charges. From this state of facts it is clear there was ample evidence to sustain a finding by the jury that plaintiff was expelled in violation of the contract between the order and herself governing the course of procedure on charges which might be preferred. The plaintiff had a property interest in the defendant order. To validate its action in terminating her partnership, it is essential that the lodge or order should comply with its own laws and regulations on the subject of expulsion of members. The proceedings conducted by defendant were materially defective, both as to notice and as to an investigation of the facts in the absence of plaintiff. Its judgment was therefore void, and the plaintiff by disaffirming the action of the order was entitled to institute the present suit without first having prosecuted an appeal to the higher judicatories within the order. Mulroy v. Knights of Honor, 28 Mo. App. 463; Hoeffner v. Grand Lodge, 41 Mo. App. 359; Glardon v. Supreme Lodge K. of P., 50 Mo. App. 45. We must therefore overrule the assignment of error under review.

NOTICE.

It is well settled in this state that in a proper case damages equal to the amount paid as premiums or assessments may be recovered for breach of contracts of insurance. Suess v. Life Ins. Co., 64 Mo. App. 1. We do not understand that any complaint is made of

the extent of the recovery herein. Finding no reversible error the judgment will be affirmed.

All concur. Judge BIGGS in result.