E. D. SLATER et al., Appellants, v. SUPREME LODGE OF THE KNIGHTS AND LADIES OF HONOR, Respondent.

**St. Louis Court of Appeals, March 26, 1901.**

1. **Expulsion of Member from Fraternal-Beneficial Order: CON-STITUTION AND BY-LAWS OF FRATERNAL-BENEFICIAL OR-DER.** In the case at bar, the offense charged was that a member of the Order of Knights and Ladies of Honor had feigned illness and thereby fraudulently obtained sick benefits from the lodge. This was good ground for expulsion if true—good by an express provision of the constitution of the order—good according to law and justice.

2. ———: ———: INSTRUCTION. In the case at bar: *Held*, the following instruction properly declared the law: "The court instructs the jury, that if the charges were regularly presented to Otto Lodge, No. 814, Knights and Ladies of Honor, against plaintiff, E. D. Slater, and read in open lodge, and said plaintiff was duly notified

Vol 88 app—12

of such charges, but failed to appear, and that said Otto Lodge, in April, 1895, carefully investigated such charges, according to the laws of the defendant order, and after a trial had in conformity with the laws of the order, the plaintiff, E. D. Slater, was found guilty of obtaining sick benefits from such Otto Lodge, fraudulently and by means of false statements, and that upon a vote of said lodge being had, two-thirds of the members voted for the expulsion of the said plaintiff, and said plaintiff was expelled in accordance with said vote, then said trial so had and sentence of said lodge is conclusive against plaintiff, and your verdict must be for defendant."

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*Alexander H. Robbins* for appellants.

(1) Appellate courts will reverse judgment in cases where the verdict is against the conceded facts; or, where it is contrary to documentary evidence; or, where plaintiff's testimony supports the allegations of his petition and is unimpeached, and there is no substantial countervailing evidence. Garrett v. Greenwell, 92 Mo. 120; Ackley v. Staehlen, 56 Mo. 558; Lionberger v. Pohlman, 16 Mo. App. 392; Janis v. Roentgen, 52 Mo. App. 114. (2) Where proceedings for expulsion from a benefit association are materially defective as to notice, or irregular and void for any other reason, the members so expelled may at once resort to the courts without first having prosecuted an appeal to the higher judicatories within the order. Slater v. Knights and Ladies of Honor, 76 Mo. App. 387; Mulroy v. Knights of Honor, 28 Mo. App. 463; Hoeffner v. Grand Lodge, 41 Mo. App. 359; Glardon v. Supreme Lodge K. of P., 50 Mo. App. 45. (3) Where proceedings for the expulsion of a member from a beneficial association are materially defective, both as to notice and an investigation of the facts in the absence of said member; or where the society fails

to comply with the requirements of its constitution and by-laws in any substantial particular, the expulsion of such member is irregular and void. Slater v. Knights and Ladies of Honor, 76 Mo. App. 387; Bridges v. National Union, 77 N. W. 411.

*F. M. Estes* for respondent.

(1) The plaintiffs acknowledged the jurisdiction of the subordinate lodge by appealing, first, to the grand lodge and then to the supreme lodge, and such action deprived the circuit court of jurisdiction. Society v. Van Dyke, 30 Am. Dec. 263; Mulroy v. Knights of Honor, 28 Mo. App. 469; Gray v. Society, 139 Mass. 329; Karcher v. Supreme Lodge, 137 Mass. 368; Pyre v. Society, 90 Cala. 240. (2) The lodge was a quasi-judicial body and its decisions can not be attacked collaterally in the courts. Burke v. Grand Lodge, 44 Mich. 208; Robinson v. Lodge, 86 Ill. 598; Otto v. Tailors' Union, 75 Cala. 308. (3) The plaintiffs were bound by the laws of the order and their appeal was too late.

GOODE, J.—This is an action to recover damages for the wrongful expulsion of the appellant from the defendant order. All the instructions given by the trial court were requested by the appellant, so the case was put to the jury on the theory chosen by himself. It transpires, too, that a rule of the order providing that if an accused member fails to attend his trial after due notice, he can not be tried in his absence, but must be proceeded against for contempt, which rule is much relied on for a reversal, is not contained in the bill of exceptions, either from an over-sight in making the bill up, or else, as we must presume, because it was not put in evidence. As the record presents the facts, they are altogether unlike those in Slater v. Knights and Ladies of Honor, 76 Mo. App. 387, though the

expulsion of both plaintiffs occurred at the same time and on the same proceedings.

The first notice to the appellant that a complaint had been preferred against him was mailed to him from Evansville, Indiana, where Otto lodge, of which he was a member, sat, March 12, 1895. Plaintiff lived in St. Louis. He was notified the trial would occur March 29. The by-laws provided that accused members living in distant places should be notified by mail to appear and answer within twenty days thereafter. Appellant was directed to appear in less than twenty days, to-wit, seventeen. It is claimed this irregularity violated the subsequent proceedings. There are, in the present case, sound reasons why this argument should not prevail. One is that the appellant, or rather a friend who acted for him, wrote to Otto lodge requesting a postponement of the trial to a later date than March 29. It was accordingly postponed to April 9. This indisputably waived the insufficient time to answer, allowed him, if it was insufficient. Watkins, who represented Slater, testified he then got word from the secretary of Otto lodge that the proceedings would be dropped if the money for a withdrawal card was sent; that he sent the money which was returned in a letter mailed April 3, saying the hearing of the charges would occur the ninth proximo. This date was the one to which it had been postponed at Slater's request, preferred through Watkins. Slater was in the South and failed to appear. The case was investigated and he was expelled.

The offense charged was that he had feigned illness and thereby fraudulently obtained sick benefits from the lodge. This was ground for expulsion if true—good by an express provision of the constitution of the order—good according to law and justice.

The only question to be determined is whether plaintiff was entitled to a new summons to the trial on the date to which

it was postponed ? Before considering this point, it should be remarked that he appealed first to the supreme lodge of Indiana, which dismissed the appeal because taken a day too late. Slater admitted he was in Evansville long before the thirty days in which he could properly appeal expired, but excuses his dilatory action because he was ignorant of the rules, which is no excuse at all. Then he appealed to the grand lodge of the nation. Here the matter seems to have been reviewed, although brought up out of time. The decision was against him. Afterwards he sued.

There could be no possible question that a new twenty-days summons was not necessary after the cause had been continued at Slater's request, but for Watkins' testimony that he was notified the proceedings would be dropped. If he got that word it was recalled, for notice was sent to Slater, April 3, that the hearing would occur on the ninth. The decision of the point is controlled, in this appeal, by the instructions as the plaintiff chose to have the matter referred to the jury.

"Instruction No. 2. The court instructs the jury that the plaintiff was bound by all reasonable laws and regulations of the order when he became a member of defendant; and if you believe from the evidence that the laws of the defendant required plaintiff to appeal from the action of Otto lodge within thirty days after he was expelled by said lodge, and if the jury find and believe from the evidence that there was a substantial compliance on the part of defendant in expelling plaintiff with the rules and mode of procedure provided for the expulsion of members in and by the constitution, by-laws and rules of the defendant, introduced in evidence, and plaintiff did not appeal from the action within thirty days, and an insufficient excuse given for not so doing within thirty days, then your verdict must be for defendant.

"Instruction No. 4. The court instructs the jury, that

if the charges were regularly presented to Otto Lodge No. 814, Knights and Ladies of Honor, against plaintiff E. D. Slater, and read in open lodge, and said plaintiff was duly notified of such charges, but failed to appear, and that said Otto lodge, in April 1895, carefully investigated such charges, according to the laws of the defendant order, and after a trial had in conformity with the laws of the order, the plaintiff, E. D. Slater, was found guilty of obtaining sick benefits from such Otto lodge fraudulently and by means of false statements, and that upon a vote of said lodge being had, two-thirds of the members voted for the expulsion of the said plaintiff, and said plaintiff was expelled in accordance with said vote, then said trial so had and the sentence of said lodge is conclusive against plaintiff and your verdict must be for defendant."

The bill of exceptions shows both the foregoing instructions were given on appellant's request. They referred it to the jury to say whether or not the respondent had *substantially* complied with the mode of procedure provided by its constitution, rules and by-laws in trying and expelling appellant. We need not inquire whether a substantial compliance was sufficient nor whether it was for the jury to decide, without information from the court, what constituted a substantial compliance. Serious doubts arise as to both propositions. Appellant elected to have those matters all submitted to them for their decision, the court and the respondent acquiesced and the verdict is conclusive. Parties litigant will be confined, on appeal, to the positions they took and the course of action they pursued during the trial, even though that course be inconsistent with the one indicated by the pleadings. Hill v. Drug Co., 140 Mo. 433; Pope v. Ramsey, 78 Mo. App. 157; Stewart v. Outhwaite, 141 Mo. 562; Long v. Long, 141 Mo. 352; Hall v. Goodnight, 138 Mo. 576. Points not raised in the trial court will not be considered by the appellate court. Hansford v.

Kansas City, 103 Mo. 172; Burdoin v. Trenton, 116 Mo. 358; Bowlin v. Creel, 63 Mo. App. 229.

Considerable liberality must be shown to the paper claimed to be a motion for a new trial to hold it sufficient to make anything reviewable but the record proper—to entitle it to recognition as a motion for a new trial. At best it only contains one ground: that the verdict was against the law and the evidence. The evidence was by no means all one way, and as the jury passed on it under instructions prayed by the appellant, we can not disturb their finding.

The judgment is affirmed. All concur.